American Dock and Improvement Co. v. Trustees for Public Schools.

---

The American Dock and Improvement Company, appellants,

*v.*

Trustees for Public Schools and William Z. Larned, receiver, respondents.

1. Where a cause is allowed to stand over, with leave to bring an action or directing an action at law, the action is prosecuted in compliance with the practice and proceedings in ordinary actions at law, the proceedings are reviewable by rule to show cause and writ of error in the usual manner, and

judgment at law will be entered, which will be accepted in the equity court as a finality.

2. Where an issue is sent out of chancery, the whole proceeding is under the control of the court of chancery, and the conduct and result of the trial are subject to review in that court only.

3. A feigned issue is a mode of procedure adopted from the civil law as a means of having some question of fact arising incidentally, and to be made the foundation of some order or decree in a cause, determined by the verdict of a jury.

4. Whether an order is for an action at law or an issue out of chancery, does not depend upon the form in which the issue is framed. For convenience of trial the issue must be given the form of a common law action, with appropriate pleadings at law, to raise an issue; but the nature and purpose of the issue give it character as a feigned issue, or otherwise, and not the form in which the issue is expressed.

5. An appeal will lie from an order directing an issue, but the court of appeal will not interfere with the discretion of the chancellor as to the form of the issue, if the form be appropriate to secure a fair presentation of the issue at the trial.

6. The general rule is that the court of chancery has no jurisdiction to try or establish the title to lands, nor to quiet a party in his possession, until after his title has been determined by a court of law. A prior determination of the title in one or more actions at law is, therefore, ordinarily a condition precedent to the filing of the bill.

7. In one particular the act entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*), enlarged the jurisdiction of chancery in this respect. It gives a party who is in peaceable possession, where his title is disputed, a right to come into chancery in advance of the determination of the title at law, where no suit to enforce or test the validity of the title is pending.

8. Whether this statute has deprived, or, under the constitution, could deprive, a defendant brought into chancery under its provisions, of the right to an action at law, as distinguished from an issue out of chancery, in order to determine the title, not considered; for a party may waive his right to an action at law, and even to an issue; and these parties, by the several orders obtained and consented to, have waived all objections to the mode of trial proposed by an issue out of chancery.

On appeal from an order of the chancellor settling the form of an issue out of chancery, whose opinion is reported in *American Dock and Improvement Co.* v. *Trustees of Public Schools, 9 Stew. Eq. 16.*

The receiver of the New Jersey West Line Railroad Com-

pany, one of the defendants in the above suit, applied for leave to bring an action of ejectment against the receiver of the Central Railroad Company of New Jersey to try the title to and recover possession of the premises described in the bill of complaint.

By an order made in this cause, dated August 3d, 1882, the chancellor granted leave to bring one or more actions of ejectment, on condition that the said actions should be under the control of the court of chancery as to the venue, and in all other respects in the same manner and to the same extent in all things as if the same were an issue framed by the court in the usual form, to determine the question of title to the said land.

The complainants subsequently applied to have the above order modified, and for a feigned issue at law; and the chancellor, by an order dated September 18th, 1882, made by the consent of the defendants, stayed the actions of ejectment and ordered that there be a feigned issue, and that the declaration in said issue should be in the usual form adopted in feigned issues out of the court of chancery.

By a subsequent order, dated February 20th, 1883, the chancellor settled the form of the issue and decided that the feigned issue, provided for in the order of September 18th, 1882, should be in a form which he approved, being substantially in conformity with the pleadings in an action of ejectment.

No appeal was taken from either of the orders of August 3d or September 18th. The complainants appealed from the last order of February 20th, 1883, with respect to the form adopted for an issue.

*Mr. John W. Taylor*, for appellants.

*Mr. R. Gilchrist* and *Mr. T. N. McCarter*, for respondents.

The opinion of the court was delivered by

DEPUE, J.

The object of this appeal seems to have been to obtain the de-

cision of this court as to the nature of this issue, with a view to the guidance of counsel in the proceedings upon the trial.

The distinction between the suspension of proceedings in an equity suit, with leave to a party to bring a suit at law, or directing an action and an issue out of chancery, is well settled. If the cause is allowed to stand over with leave to bring an action, or directing an action at law, the action is prosecuted in compliance with the practice and proceedings in ordinary actions at law. Bills of exceptions may be taken at the trial, and the proceedings are reviewable by rule to show cause and writ of error in the usual manner, and judgment at law will be entered, which will be accepted in the equity court as a finality. *Bootle* v. *Blundell, 19 Ves. 494, 509 ; Ex parte Kensington, Geo. Coop. 96 ; Hope* v. *Hope, 10 Beav. 581, 583, 586 ; Smith* v. *Earl of Effingham, Id. 589, 595 ; Apthorp* v. *Comstock, 2 Paige 482.* But where an issue is sent out of chancery, the whole proceeding is under the control of the chancellor. No bill of exceptions can be taken, and no judgment entered ; the circuit record and *postea* are sent to the court of chancery, and the conduct and result of the trial are subject to review in that court only. *Trenton Banking Co.* v. *Rossell, 1 Gr. Ch. 511 ; S. C, Id. 492 ; Holcombe* v. *Managers, 1 Stock. 457 ; Freeman* v. *Staats, Id. 816 ; Black* v. *Lamb, 1 Beas. 108, 2 Id. 455 ; Johnson* v. *Harmon, 94 U. S. 371 ; Clayton* v. *Lord Nugent, 1 Coll. 363 ; 13 L. J. (N. S.) Exch. 363.*

Whether an order is for an action at law or an issue out of chancery, does not depend upon the form in which the issue is framed. An issue, or, as it is commonly called, a feigned issue, is a mode of procedure adopted from the civil law by courts of law as well as courts of equity as a means of having some question of fact arising incidentally, and to be made the foundation of some order or decree, determined by the verdict of a jury. It is called a feigned issue for the reason that its object is not the establishment of a legal right on which a judgment shall regularly follow, but the ascertainment by a formal trial of some issue of fact arising in another cause, and material to the decision of the latter. For convenience of trial the issue must be given the form of a common law action, with appropriate pleadings,

and an issue thereon; but, nevertheless, the nature and purpose of the issue give it character as a feigned issue or otherwise, and not the form in which the issue is expressed. The issue may be in any form adapted for a trial in a court of law before a jury. Where convenience requires it, the issue may be framed as if upon a wager; or, if practicable, formal pleadings in an ordinary action at law may be resorted to, and the issue may be in such form as to present the real subject matter in controversy without losing its character as a feigned issue. In *Barrow* v. *Bispham*, *6 Hal. 110*, the question whether a bond on which judgment by confession was entered had been obtained by fraud, was tried upon a feigned issue in the form of an action of *assumpsit* on promises. In *Decker* v. *Caskey*, *Sax. 427*, on bill filed for the discovery and production of a deed of conveyance alleged to have been lost or destroyed, and the foreclosure of a mortgage upon the premises made by the grantee named in the conveyance —it being alleged in the answer that the deed was never delivered, and that the grantor was not competent to make the conveyance—an issue as to the existence and validity of the deed was ordered to be tried at law, under the direction of the chancellor, in an action of ejectment.

We must look, therefore, at the order of the chancellor directing the issue, to decide whether the issue is an issue out of chancery or an ordinary action at law. An appeal will lie from an order directing an issue. *N. & N. Y. R. R. Co.* v. *Newark*, *8 C. E. Gr. 575*. But the court of appeal will not interfere with the discretion of the chancellor as to the form of the issue, unless the issue is not adapted to the case made in the pleadings in equity, or was framed so as to put the burden of proof on the wrong party. *Smyth* v. *Nangle*, *7 Cl. & Fin. 405*; *Browne* v. *McClintock*, *L. R. (6 H. of L.) 456, 467*.

The substance of the complainants' bill and the defendants' answers is stated in the report of this case in *8 Stew. Eq. 181*. The bill, among other things, sets out a claim of title to the premises in controversy by the New Jersey West Line Railroad Company, under a grant executed by the governor, attorney-general and riparian commissioners, on March 19th, 1872. It denies the

validity of the title of the West Line company under its grant, and contains averments of a superior title to the same premises in the complainants or some one of them, setting forth, specifically, the grounds and sources of such title. The answer affirms the validity of the title of the West Line company under its grant, and denies the several titles under which the complainants make their claim. Both the bill and answer contain averments of special equities in the parties respectively, the use and force of which may be subjects of consideration after the issue of title is disposed of.

· The bill charges that the complainants had for years been in possession of the premises. It avers that the bill is filed to have the grant to the West Line company declared invalid, and to restrain any one claiming under it from setting up title thereunder, and from disturbing the complainants in their possession, and to remove the cloud the said grant casts upon their title. The prayer of the bill is, among other things, to the effect that the title of the West Line company to the premises be declared to be invalid, and that peaceable possession thereof by the complainants may be protected by a decree of the court. With some imperfection in form, the bill in substance is an appeal to the jurisdiction which a court of equity exercises to quiet the title to lands.

It is apparent, from the inspection of the several orders of the chancellor, that the issue in question is an issue out of chancery. The form of the issue adopted is in accordance with the substance of the pleadings under the ejectment act, and must so be considered; otherwise the plea would not be appropriate to raise an issue of title. *Rev. pp. 327, 334 § 13.* But the chancellor's order in directing the issue and the recital in the issue directed, show that his purpose was to retain the trial of the title under his control; and the form of the issue approved is appropriate to secure a fair presentation of the issue of title at the trial.

The power of the court of chancery to order an issue, instead of allowing an action at law to be brought, is indisputable, where an issue is applied for or assented to by the parties. The general rule is that a court of equity has no jurisdiction to establish by its decree the title to lands, its jurisdiction

being limited to an interposition to quiet the possession of a party after his title has been determined by a court of law. *Lord Tenham* v. *Herbert*, 2 *Atk.* 483 ; *Welby* v. *Duke of Rutland*, 6 *Bro. P. C.* 575 ; *Weller* v. *Smeaton*, 1 *Bro. C. C.* 572, 1 *Cox 102; Devonsher* v. *Newenham*, 2 *Sch. & L.* 199. The principle upon which courts of equity interposed to quiet the title was, that judgments in ejectment, not being conclusive, and operating only to transfer the possession, without conclusively settling the title, a court of equity, after the title had been satisfactorily determined by actions at law, would interpose to put an end to further litigations—the court, assuming that the complainant's legal title had already been determined at law, intervened to prevent a litigation which had become vexatious and oppressive, because unnecessary and unavailing. A prior determination of the title in one or more actions at law is, therefore, ordinarily a condition precedent to the filing of the bill. *1 Spen. Eq. Jur.* 658 ; *1 Pom. Eq. Jur.* 254. Under some circumstances a court of equity would entertain a bill before the title had been determined at law, to remove obstacles in the way of a trial of the title in an action at law, as in *Leighton* v. *Leighton*, 1 *P. Wms.* 671. So, also, in a suit in equity to carry into effect the trusts of a will of real estate, the heir-at-law might be brought in for the purpose of establishing the will. *1 Spen. Eq. Jur.* 458 *note g*. But, at whatever period of time the trial of title was had, it was the settled doctrine that the title must be determined at law or by an action, before the court would undertake to quiet the possession, unless the right to such a trial was waived. *Butlin* v. *Masters*, 2 *Phil.* 289, 293, 529 ; *Grove* v. *Young*, 15 *Jur.* 810 ; *2 Story Eq. Jur.* §§ 1445, 1446, 1447.

In one particular the act entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same," enlarged the jurisdiction of the court of chancery in this respect. It gives a party, who is in peaceable possession of lands where his title is disputed, a right to come into chancery to settle the title in advance of a determination of the title at law, where no suit to enforce or test the validity of

the title is pending. *Rev. p. 1189 § 1.* Whether this statute necessarily requires the construction that a defendant brought into the court of chancery under its provisions shall be denied the right to an action at law, and be put to an issue, and whether the legislature can constitutionally deprive a party of the right to submit his title to a trial by an action at law—the advantage of which will be apparent by a comparison of *Tatham* v. *Wright,* in equity, *2 Russ. & Myl. 1,* with the result of an action at law upon the same will, in *Tatham* v. *Wright, 1 A. & E. 3, 7 Id. 313, 5 Cl. & F. 670*—need not now be considered; for the right to an action at law, and to even an issue, may be waived. *2 Story Eq. Jur. §§ 1445, 1446.* An heir-at-law is entitled to an action at law or an issue *devisavit vel non,* at his option. *Grove* v. *Young, 15 Jur. 810.* If he elects to have an action at law, the proceedings at the trial are subject to review in the law court, and the proceedings in the equity court are determined by the result of the action. *Banks* v. *Goodfellow, L. R. (11 Eq.) 472, L. R. (5 Q. B.) 549.* If he accepts an issue, the conduct of the trial and the propriety of the verdict are reviewable in the equity court, and in that court alone. *Tatham* v. *Wright, 2 Russ. & Myl. 1.*

The several orders obtained and consented to by the parties respectively, as steps toward the trial of the contested issue of title, constitute a waiver with respect to the mode of trial proposed.

The order appealed from should be affirmed.

*Decree unanimously affirmed.*