Hart v. Leonard.

HIRAM HART, appellant,

v.

WILLIAM T. LEONARD, respondent.

A substantial dispute over a private legal right in land is not ordinarily cognizable in a court of equity. The special circumstances which will justify a court of equity in protecting and enforcing such rights enumerated.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

This bill is filed to obtain an injunction against the defendant, restraining him from obstructing an alleged private way over his lands. The complainant claims that he and his grantors have used the said way for over twenty years adversely to the defendant and those under whom he claims. More than twenty years ago, one of the grantors of the complainant purchased a small tract of woodland, and, from time to time, went to it and from it over the lands of the defendant by the way in question. Over this way he carted such timber as he saw fit to his farm and dwelling, which were wholly disconnected with the wood-lot. The practice of carting wood and timber, when desired, by those who have owned the same farm and dwelling, has continued without interruption or resistance in any way until the obstruction complained of in the bill. The proof is undoubted that the complainant and his grantors used the way in question in going to and from said wood-lot for more more than twenty years. The counsel for the defendant frankly and fairly, too, admitted this, but insisted that while there had been such user, it was not adverse in a legal sense. This brings us to the real defence in the case.

First. It is claimed that the said way was used by the complainant and his grantors under a license. The proof of this license rests upon the testimony of the defendant only. The person to whom he says he gave the license, then the owner of

the farm, dwelling and wood-lot, is dead. The defendant says this license was given about thirty years ago; that the then owner would visit his wood-lot once or twice · a year, and in doing so would drive with his horse and wagon to the barn of defendant, located hard by the said way, where he would tie his horse and walk thence to his wood-lot; and that upon one of those occasions he said that he would not want to use the said way much, but only once in a while. If this amounts to a license, the defendant is justified in his defence. *Wood* v. *Hurd*, *5 Vr. 87.* But I can see nothing in the statements of the defendant that amounts to a license. Nothing appears that shows a formal asking or permission. It is only the ordinary conversation which might take place between neighbors at any time under similar circumstances, without the assertion, denial or granting of any rights or privileges. I must therefore conclude that this branch of the defence fails.

· Second. It is insisted that whatever right may have been acquired by adverse user has been lost by the complainant, and those under whom he claims, consenting or submitting to a change in the location of the way at a given point. This change was made immediately opposite the barn of defendant. The defendant built a new barn and wanted to improve the approaches to it, to do which it was necessary to change the location of said way; he therefore made a change of about four- teen feet. There was a gate there across the way as it originally lay. The defendant made and swung a new gate across the way when changed.

Now, it is said that the complainant and his grantors, having consented to this change, and not having used the way as changed for twenty years, the claim by adverse user fails. I am not prepared to go the length required to sustain this view, under the circumstances of this case. The change indeed was slight; it was made solely for the accommodation of the defend- ant himself and by the defendant himself. I cannot understand upon what principle he can claim to take advantage of such an act. But there is one fact developed in the case which very con-. clusively answers both points presented by the defence.

Hart v. Leonard.

Not long previous to the institution of this suit, the defendant was sworn as a witness in another cause, when, in speaking of this right of way, he said that it was used by everybody who wanted to go through in that direction beyond the lot of the complainant, or to a public road still farther away. He made this broad declaration, saying that everybody used it who desired to, without any qualification. This would seem to conclude the controversy.

I can find nothing to warrant me in supposing that the defendant was not, at that time, fully apprised of all the facts and circumstances connected with the use of the said way, and the rights and demands of others as against himself. In my judgment, he cannot be heard in speaking to the contrary thereof now; he is bound by the declarations then most solemnly made.

I will advise that the injunction be made perpetual. The complainant is entitled to costs.

*Mr. O. P. Chamberlain*, for appellant.

*Mr. R. S. Kuhl*, for respondent.

The opinion of the court was delivered by

DIXON, J.

The bill in this case avers that the complainant is the owner of a wood and pasture lot containing three and thirty-seven hundredths acres of land, and that he and his predecessors in title have, by adverse user for over twenty years, acquired a right of way across the lands of the defendant from a certain public road to said lot; that the defendant now obstructs said way; and the bill therefore prays a decree that the complainant is entitled to the way, and a mandatory injunction, commanding the defendant to remove the obstruction, and allow the complainant to pass through at his pleasure.

The answer denies the complainant's right.

The complainant's testimony tends to show user for over twenty years. The defendant's testimony tends to show that the

Hart *v.* Leonard.

user was not adverse, but was by his express permission, as an act of neighborly accommodation.

The vice-chancellor advised a decree and injunction, according to the prayer of the bill.   Hence this appeal.

From the foregoing statement it appears that the claim set up is to a purely legal interest in lands, resting upon a purely legal basis.   Before attempting to determine the validity of the claim, it is proper to consider whether the question presented comes within the cognizance of a court of equity.

No doubt many cases arise in which courts of equity may, by decree and injunction, protect and enforce legal rights in real estate.   So far as they are exemplified in our chancery practice, these cases can, I think, be classified under the following heads:

1. Cases where the legal right has been established in a suit at law, and the bill in equity is filed to ascertain the extent of the right and enforce or protect it in a manner not attainable by legal procedure.   *Quackenbush* v. *Van Riper, 2 Gr. Ch. 350.*

2. Cases where the legal right is admitted, and the object of the bill is the same as in the class just mentioned.   *Carlisle* v. *Cooper, 6 C. E. Gr. 576 ; Shivers* v. *Shivers, 5 Stew. Eq. 578 ; S. C., 8 Stew. Eq. 562 ; Johnston* v. *Hyde, 6 Stew. Eq. 632.*

3. Cases where the legal right, though formally disputed, is yet clear, on facts which are not denied and legal rules which are well settled, and the object of the bill is as before stated. *Shreve* v. *Voorhees, 2 Gr. Ch. 25 ; Hulme* v. *Shreve, 3 Gr. Ch. 116 ; Morris C. & B. Co.* v. *Soc. Est. U. M., 1 Hal. Ch. 203 ; Earl* v. *De Hart, 1 Beas. 280 ; Dodd* v. *Flavell, 2 C. E. Gr. 255 ; Johnson* v. *Jaqui, 10 C. E. Gr. 410 ; S. C., 12 C. E. Gr. 526 ; Demarest* v. *Hardham, 7 Stew. Eq. 469 ; Higgins* v. *Flemington Water Co., 9 Stew. Eq. 538.*

4. Cases where one attempts to appropriate the land of another, under color of statutory authority, without complying with the legal conditions precedent.   *Ross* v. *Eliz. & Som. R. R. Co., 1 Gr. Ch. 422 ; Browning* v. *C. & W. R. R. Co., 3 Gr. Ch. 47 ; Higbee* v. *C. & A. R. R. Co., 4 C. E. Gr. 276 ; Folley* v. *Passaic, 11 C. E. Gr. 216 ; Morris C. & B. Co.* v. *Jersey City, 11 C. E. Gr. 294.*

5. Cases where the object of the bill is to stay waste. *Capner* v. *Flem. Min. Co.*, *2 Gr. Ch. 467* ; *Bank of Chenango* v. *Cox*, *11 C. E. Gr. 452.*

6. Cases where the object of the bill is to prevent an injury which will be destructive of the inheritance, or which equity deems irreparable, *i. e.*, one for which the damages that may be recovered according to legal rules do not afford adequate compensation. *Morris C. & B. Co.* v. *Jersey City, 3 Stock. 13* ; *Franklinite Co.* v. *Zinc Co., 2 Beas. 215* ; *Zinc Co.* v. *Franklinite Co., 2 Beas. 322* ; *Zinc Co.* v. *Franklinite Co., 2 McCart. 418* ; *Southmayd* v. *McLaughlin, 9 C. E. Gr. 181* ; *Manko* v. *Chambersburgh, 10 C. E. Gr. 168* ; *Johnston* v. *Hyde, 10 C. E. Gr. 454* ; *Thomas Iron Co.* v. *Allentown Mining Co., 1 Stew. Eq. 77* ; *Fulton* v. *Greacen, 9 Stew. Eq. 216* ; *Lord* v. *Carbon Iron M. Co., 11 Stew. Eq. 452.*

7. Cases where the object of the bill is to protect one's dwelling from injuries which render its occupancy insecure or uncomfortable. *Brakely* v. *Sharp, 2 Stock. 206* ; *Holsman* v. *Boiling Spring Co., 1 McCart. 335* ; *Ross* v. *Butler, 4 C. E. Gr. 294* ; *De Veney* v. *Gallagher, 5 C. E. Gr. 33* ; *Cleveland* v. *Citizens Gas Light Co., 5 C. E. Gr. 201* ; *Babcock* v. *N. J. Stock Yard Co., 5 C. E. Gr. 296* ; *Attorney-General* v. *Steward, 5 C. E. Gr. 415* ; *S. C., 6 C. E. Gr. 340* ; *Meigs* v. *Lister, 8 C. E. Gr. 199* ; *De Luze* v. *Bradbury, 10 C. E. Gr. 70* ; *Kana* v. *Bolton, 9 Stew. Eq. 21* ; *Williams* v. *Osborne, 13 Stew. Eq. 235* ; *Penn. R. R. Co.* v. *Angel, 14 Stew. Eq. 316* ; *Lennig* v. *Ocean City Association, 14 Stew. Eq. 606.*

8. Cases where the right to be protected or enforced grows out of the expressed or implied terms of a contract, so that the court can entertain jurisdiction by virtue of its power to compel specific performance. *Robeson* v. *Pittenger, 1 Gr. Ch. 57* ; *Armstrong* v. *Potts, 8 C. E. Gr. 92* ; *Jaqui* v. *Johnson, 11 C. E. Gr. 321* ; *Shimer* v. *Morris C. & B. Co., 12 C. E. Gr. 364* ; *Iszard* v. *Mays Landing W. P. Co., 4 Stew. Eq. 511* ; *Pope* v. *Bell, 8 Stew. Eq. 1* ; *Sutphen* v. *Therkelson, 11 Stew. Eq. 318* ; *Gawtry* v. *Leland, 13 Stew. Eq. 323* ; *Lennig* v: *Ocean City Association, 14 Stew. Eq. 606.*

9. Cases where the object of the bill is to prevent a multiplicity of suits, otherwise rendered necessary by the fact that many persons are interested in the controversy. *Britton* v. *Hill, 12 C. E. Gr. 389.*

Outside of these classes, there is no jurisdiction in a court of equity over the invasion of mere private legal rights in land. The appropriate remedy is by suit at law.

The case in hand does not come within any of these classes. It bears no trace of resemblance to any except those of the third or those of the sixth class. But the third class does not include it, because the evidence shows a substantial dispute over the fact of adverse user, which the defendant is entitled to have settled by the verdict of a jury; and the sixth class does not cover it, because the temporary obstruction of a way to a small wood and pasture lot can be fully paid for by the damages recoverable according to legal rules.

The decree below should be reversed, and the bill should be dismissed.

*Decree unanimously reversed.*