# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### JUNE TERM, 1910.

MARY L. MASON, appellant,

*v.*

JAMES ROSS, appellee.

[Submitted March 21st, 1910.   Decided June 29th, 1910.]

1. The question whether a right of way over the lands of one person exists in favor of another is a purely legal one, and where the existence of such an easement is in dispute the proper tribunal in which to settle the question is a court of law.

2. Where complainant by her bill seeks to restrain defendant from interfering with an alleged easement of way over lands of the defendant, and the answer does not challenge the jurisdiction of the court, but denies the existence of the easement, the proper practice is to retain the bill until the complainant has had a reasonable opportunity to establish her title, to the easement, at law.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Walker, whose opinion is reported in *75 N. J. Eq. (5 Buch.) 136.*

*Mr. John H. Backes,* for the appellant.

*Mr. Linton Satterthwait,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

A very full and accurate statement of the facts in this case is contained in the opinion of the learned vice-chancellor in the court below, and it is unnecessary to repeat them here. It is enough for present purposes to say that the complainant, by her bill, seeks to restrain the defendant from interfering with an alleged easement of way in a strip of land owned by the defendant, and upon which the property of the complainant abuts. The proofs demonstrated that prior to the year 1889 such an easement existed in favor of the then owner of the complainant's property. The defence interposed was that this easement had been abandoned by the complainant and her predecessors in title, or one of them, and had ceased to exist prior to the institution of the present suit. A consideration of the proofs led the learned vice-chancellor to the conclusion that this defence had been made out, and he thereupon advised a decree dismissing the complainant's bill. From the decree entered upon this advice the complainant appeals, and the principal contention made on her behalf before us is that the evidence in the case does not justify the conclusion reached by the court below.

We consider that this matter is not properly before us. The question whether a right of way over the lands of one person exists in favor of another is a purely legal one, and, where the existence of such an easement is in dispute, the proper tribunal in which to settle it is a court of law. It was so declared by this court in the case of *Hart* v. *Leonard, 42 N. J. Eq. (15 Stew.) 416,* and again in *Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 512.* It is true that special circumstances may sometimes exist which

will justify a court of equity in determining a dispute over a private legal right in land, and in enforcing that right if found to exist; but such cases are rare.. In *Hart* v. *Leonard, supra,* our earlier decisions were analyzed, and the various classes of cases in which the power of equity to entertain jurisdiction over such disputes existed, were specified. The present case comes within none of those classes, and if the defendant had challenged the jurisdiction of the court the present bill should have been dismissed for lack of it. This not having been done the proper course for the court to have pursued was to retain the bill until the complainant had had a reasonable opportunity to establish her title at law. *Todd* v. *Staats, supra.*

The decree. dismissing the bill will be reversed in order that the course indicated may be pursued.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—14.