ANNA R. McGRATH, respondent,

*v.*

WILLIAM F. NORCROSS, appellant.

[Argued July 1st, 1913.　Decided November 17th, 1913.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

The bill in this suit was filed by complainant, pursuant to our statute, to quiet title to a tract of land in Atlantic county. *4 Comp. Stat. p. 5399.* Defendant answered, claiming title in himself. An issue at law was framed and tried in the supreme court and the proceedings before that court have been duly returned here. Defendant now moves for a new trial.

At a former trial of the same issue at law a general verdict was rendered in favor of defendant. That verdict was set aside by this court and a new trial ordered. In the opinion then filed and reported in *78 N. J. Eq. 120,* will be found a general outline of the title then and now claimed by the respective parties. At the conclusion of the second trial five several interrogatories were submitted to the jury, and by the jury answered; but no general verdict was submitted or rendered.

It is now urged in behalf of defendant that no decree can be properly entered in this court in the absence of a general verdict, and that a new trial must be granted for that reason; *Collins* v. *Whiteside, 75 N. J. Law 865,* is cited in support of this contention.

The record which has been returned to this court embraces a transcript of the entire proceedings before the law court. That record discloses that after both parties had concluded their evi-

NOTE.—Printed to correct the reporter's mistake as to the identity of the order affirmed and as to the vice-chancellor's opinion referred to, in the same case reported in *82 N. J. Eq. 367.*—REP.

dence and rested, the trial court suggested that it would be practical and beneficial to procure from the jury a "special verdict," whereupon counsel for the respective parties conferred and framed five questions to be submitted to the jury; the trial court thereupon submitted these five questions to the jury and permitted respective counsel to address the jury touching the proper answers to be given to these questions. At the conclusion of the arguments the court charged the jury, and, among other things, explained to the jury the application and force of each of the five interrogatories. These interrogatories were all answered by the jury. The record nowhere discloses that either of the contending parties requested that a general verdict be submitted to the jury either in connection with or without these interrogatories, or in any way objected to the submission of any of the interrogatories or took exception either formally or informally to the manner in which the case was thus submitted or suggested to the trial court that answers to these interrogatories could not properly take the place of and be used with like effect as a general verdict. The transcript of the proceedings indicates that the method adopted was designed by all parties in interest as a suitable method to bring to this court the determination of the jury on all the essential aspects of the controversy. It is claimed by counsel for defendant, however, that objections were made to a submission of the case to the jury in the manner stated, and this does not appear to be disputed by opposing counsel. Assuming that objections were duly made in behalf of defendant touching the manner in which the case was submitted to the jury, I think it here immaterial whether in a court of law, on motion for judgment, these several answers of the jury to the interrogatories propounded might be considered insufficient as special findings because of the absence of a general verdict, or insufficient as a special verdict by reason of the practice of law courts, on motion for judgment on special verdicts, to consider only the pleadings and *postea.* The present suit is pending in this court under its ancient jurisdiction over bills *quia timet* as that jurisdiction has been extended by statute. *McAndrews & Forbes Co.* v. *Camden, 78 N. J. Eq. 244.* Upon the issue at law which this court sends to the law court for trial before a jury no judgment is entered,

but a transcript of the entire proceedings at the trial in the law court is returned to this court, and the conduct and result of the trial are subject to review here only. *American Dock and Imp. Co.* v. *Trustees Public Schools, 37 N. J. Eq. 266, 269.* If, from an examination of the entire record, it now appears that the answers of the jury to the several interrogatories are adequately supported by the evidence, and that the several answers embody facts found by the jury which in the light of all the proceedings had at the trial appear to be conclusive of the issue which was sent to the law court for trial, no general verdict or additional findings could be of essential service to this court in framing its decree. If, therefore, these several answers are found to be supported by the evidence, and are also found to ascertain as facts matters which, when considered in the light of all the evidence introduced at the trial, fully sustain complainant's claim of title to the *locus in quo,* and in like manner defeat defendant's claim of title, defendant's motion for a new trial must be denied, unless some of the errors assigned by defendant touching the admission or exclusion of evidence and instructions to the jury are found to be substantial.

The first interrogatory submitted to the jury was as follows: "Are the premises in dispute within the survey of 33,078 acres— plaintiff's *Exhibit 1?*" This was answered, "Yes." The second interrogatory was: "Was there ever a survey to Edmund Iliff of the premises here in dispute prior to the survey of 33,078 acres?" This was answered, "No." It seems to me unnecessary to pursue the inquiry further if it be true that the *locus in quo* is within the boundaries of the survey known as plaintiff's *Exhibit 1,* and that no survey was made to Iliff prior thereto, as complainant holds under plaintiff's *Exhibit 1,* and defendant claims under a survey to Iliff. I am also convinced that these two findings of the jury cannot properly be regarded as contrary to the weight of the evidence. It is difficult, if not impossible, to reach the conclusion that the *locus in quo* is within the boundaries of the survey marked plaintiff's *Exhibit 1,* if it be assumed that Babcock creek therein referred to is the creek now commonly known by that name, but many other circumstances and conditions touching that survey are entitled to consideration in determining its

location, and I am unable to conclude that the determination of
the jury is so clearly against the evidence as to justify this court
in disregarding it. But whether that survey included the *locus
in quo* or not, it is conceded that the resurvey—plaintiff's *Ex-
hibit 3*—did include it, and the answer to the third interrogatory
was to the effect that neither of the eight Iliff tracts referred to
in that resurvey, as excepted therefrom, was the seven hundred
acres Iliff survey under which defendant claims. If this be true,
it becomes immaterial whether the boundaries described in
plaintiff's *Exhibit 1* included the *locus in quo* or not. The ques-
tion submitted by this third interrogatory is peculiarly a jury
question. A great amount of testimony was taken, with a view
to locate the eight Iliff surveys referred to as excepted from the
resurvey, and this finding cannot properly be disregarded. This
is equally true as to the preceding finding, to the effect that
there was no survey to Iliff of the premises in dispute prior to
the survey known as plaintiff's *Exhibit 1*, for the existence of a
prior Iliff survey as claimed by defendant is wholly dependent
upon presumptions arising from recitations; touching the exist-
ence and force of such presumptions, the jury were fully and
accurately charged by the court; it was the peculiar province of
the jury to weigh such presumptions in the light of all the evi-
dence, and their finding cannot be said to be without substantial
support from the evidence. Touching defendant's claim of title,
it may be said that if there was no survey to Iliff of the premises
in dispute prior to plaintiff's *Exhibit 1*, it cannot be assumed
that such a survey may have been made at a later date, for the
recitation of that survey, on which defendant chiefly relies, is in
an instrument bearing date prior to plaintiff's *Exhibit 1*. The
record discloses defendant's claim to be under the Iliff survey;
if that survey never existed defendant's claim of paper title nec-
essarily fails. The necessary and inevitable effect of the answers
to these three interrogatories, when these answers are considered
in connection with the claims of paper title of the respective
parties which cannot be said to be in substantial dispute, is to
wholly affirm complainant's title and overthrow that of defend-
ant. A general verdict in favor of complainant would add no
light to the present record and serve no useful purpose in fram-

ing a decree. I am convinced that the motion for a new trial must be denied unless errors are found in evidence admitted or excluded or instructions to the jury given or refused.

The trial court withdrew from the jury the consideration of any claim of title by adverse possession. In this there was no error. Neither the original statute touching suits to quiet title nor the amendment of 1901 authorized a bill to be maintained in any case in which the defendant was in possession of the lands title to which were by the bill sought to be quieted. The provisions of the statute are such that whenever a defendant asserts possession in himself, or otherwise denies the jurisdictional requirements named in the act, and demands an issue of law on the question of title, a preliminary hearing to determine the jurisdictional facts becomes a necessity. If, at such hearing, it be found that defendant is in possession, the suit must be dismissed. This course was adopted in this suit, and the claim of defendant to possession was heard and determined adversely to defendant. The opinion of this court on that question is reported in *70 N. J. Eq. 364*, and the finding of fact and conclusions of law there stated were subsequently affirmed by our court of errors and appeals. *71 N. J. Eq. 764*. It is urged, however, that this preliminary adjudication touching the claim of possession by defendant cannot be properly deemed operative to deny to him the right to a trial of the same claim before the law court to whom the issue of law is sent for trial; assuming that to be true, an examination of the proceedings at that trial clearly discloses that no evidence of possession was offered or introduced which would have justified a verdict for defendant based upon a claim of adverse possession.

Defendant urges, as grounds for a new trial, a great number of assigned errors in the proceedings before the law court. It is, I think, impracticable to here discuss them separately with reference to their force and effect. I think it sufficient to here merely state that I have been unable to reach the conclusion that any reversible error was committed at the trial, and the findings of the jury are, in my judgment, adequately supported by the evidence. I feel obliged to deny defendant's motion for a new trial.

*Mr. Thomas E. French,* for the appellant.

*Messrs. Collins & Corbin,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, VREDEN-BURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER—13

*For reversal*—None.