W. M. Ostrander, incorporated, complainant-respondent,

*v.*

The United New Jersey Railroad and Canal Company et al., defendants-appellants.

[Argued March 10th, 1914.  Decided July 10th, 1914.]

1. In a suit for specific performance, to enforce by way of injunction, a covenant for maintaining certain farm crossings constituting rights of way over the defendant railroad company's lands, as claimed by the complainant, and which the bill of complaint alleges passed to the complainant by conveyance from the original covenantees, and in which the complainant claimed an easement, where the answer denied that the complainant became seized and possessed of such rights of way or easement, and further set up an exclusive and continuous possession of the premises for more than twenty years prior to the filing of the bill adverse to the rights of way or easement, if any, reserved by the covenant and the consequent extinguishment thereof, and further set up a lost grant or release, releasing to the defendants all rights of way or crossings over the railroad tracks—*Held*, that the fundamental right upon which the complainant prays equitable relief is the legal title to an easement in lands of the defendants, and that right being in substantial dispute. until such right is settled at law the aid of a court of equity cannot be properly invoked.

2. It can make no difference that the bill of complaint is for specific performance of a covenant out of which the easement arises, since the substantial question raised by the bill and answer is whether the complainant has the legal title to the easement. It is wholly immaterial under what form of bill the question arises. The disputed question must be first settled at law, and in favor of complainant, before the complainant is entitled to relief sought by the bill.

3. In a suit for the specific performance of the following covenant contained in a deed made by the complainant's predecessor in title to the defendant railroad and canal company, "And it is hereby understood and agreed by and between the parties hereto that the said parties hereto of the second part (viz., The United New Jersey Railroad and Canal Company) shall and will construct and maintain fences between the strips of land hereby conveyed and the remaining land adjoining of the said parties of the first part. And the said party of the second part (viz., The United New Jersey Railroad and Canal Company) shall and will maintain the two farm crossings now existing across the said strips or pieces of land hereby conveyed"—*Held*, that a decree cannot be justified which adjudges the complainant to be entitled to enjoy a right of

way or easement for itself, its agents, servants and licensees, on foot or in vehicles over the land of the defendants, and so materially broadens and enlarges the right of way or easement reserved by the covenant between the parties, thus virtually converting a private road into a public one.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis.

*Mr. Alan H. Strong,* for the appellants.

*Messrs. McDermott & Enright,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The respondent, complainant below, the owner of a tract of land in the county of Middlesex, lying on both sides of the railroad, United New Jersey Railroad and Canal Company, which it holds, through mesne conveyances from Ellis and Edward E. Potter, filed its bill of complaint in the court of chancery against the appellants, defendants below, for specific performance.

The prayer for relief is, in substance, that the defendants be enjoined and commanded to restore certain easements, crossings and rights of way over their premises as the same existed at the time of a conveyance made by Ellis and Edward E. Potter to the United New Jersey Railroad and Canal Company, one of the appellants, in 1882; and that the defendants be enjoined and commanded to remove all obstructions erected and maintained by them in said crossings or rights of way; and that the defendants be enjoined and restrained from further obstructing the easements and crossings by the building of embankments, the excavation of ditches and by the construction of further railroad tracks thereon, without maintaining thereover platforms and approaches at such grades as to afford the complainant free and unobstructed passage suitable for pedestrians and vehicles, and that the defendants be enjoined and commanded not only to re-establish the crossings and rights of way but to maintain the same over their premises in suitable condition for the passage of

pedestrians and vehicles, and for such further and other relief as the nature and circumstances of the case may require.

The basis for invoking the jurisdiction of the court of chancery, by the complainant, was an alleged breach of a covenant contained in the deed of conveyance, made by the Potters to the United New Jersey Railroad and Canal Company, in the year 1882, and which is as follows:

"And it is hereby understood and agreed by and between the parties hereto that the said parties hereto of the second part (viz., The United New Jersey Railroad and Canal Company) shall and will construct and maintain fences between the strips of land hereby conveyed and the remaining land adjoining of the said parties of the first part. And the said party of the second part (viz., The United New Jersey Railroad and Canal Company) shall and will maintain the two farm crossings now existing across the said strips or pieces of land hereby conveyed."

The effect of the Potter conveyance was to extend the line of the United New Jersey Railroad and Canal Company about three thousand two hundred feet through the Potter property and divided the farm through which it traversed into two almost equal parts, leaving seventy-two acres lying easterly of the railroad and a little over seventy-three acres lying westerly of the railroad.

For a long time prior to the Potter conveyance to the railroad company the easterly and westerly portions of the farm were connected by the crossings over the tracks of the railroad company, passable for pedestrians and vehicles, over which the Potters and their licensees were accustomed to pass on foot and in vehicles.

It was these crossings which the complainant claims constituted rights of way over the defendants' lands and which it asserts passed to it by the conveyance to Potters.

The bill charged that the defendants have torn up and demolished the two farm crossings and have constructed embankments and ditches and have laid railroad tracks upon the embankments without providing platforms between the same and had fenced the lands so as to make the rights of way and crossings impassable to the complainant, its agents, servants and licensees either for pedestrians or vehicles, &c.

The defendants, in their answer, admitted the complainant's

title to the farm as set forth in the bill and also the conveyance by Potters to the railroad company containing the covenant above set forth, and also admit the existence of the easements and rights of way which the Potters and their licensees enjoyed at the time of the making of the deed by them to the railroad company. The defendants denied that the complainant became seized and possessed of these rights of way or easements, and further asserted that in the year 1890 they had torn up and demolished the two crossings and constructed embankments and ditches and made the crossings impassable and incapable of use, and that this condition has continuously existed ever since, thus setting up an exclusive and continuous possession of the premises for more than twenty years adverse to the rights of way or easements, if any, reserved by the covenant in the deed, and the consequent extinguishment thereof.

The answer further contained a plea of a lost grant or release, releasing and discharging to the defendants all rights of way or crossings over the railroad tracks.

The vice-chancellor adjudged that the complainant is seized and of right possessed and entitled to enjoy a right of way or easement for itself, its agents, servants and licensees on foot and in vehicles over the lands of the appellants at the more westerly of the two crossings mentioned in the bill of complaint, and that the appellants be enjoined and restrained from in any way obstructing, &c., with the free passage of the complainant, &c., and that the appellants be enjoined and commanded to remove the fences, embankments, &c., in interference with the free passage of the complainant, its officers, agents, servants and licensees, either on foot or in vehicles over the lands of the appellants, and to restore to the complainant a crossing over said lands at the place aforesaid, passable for pedestrians and vehicles, as the same was possessed and enjoyed by Ellis Potter and Edward E. Potter, and that the appellants maintain the same.

The appellants appeal from this part of the decree upon the ground that the fundamental right upon which the complainant prays equitable relief is the legal title to an easement in lands of the defendants, and that right being in substantial dispute, until

such right is settled at law the aid of a court of equity cannot be properly invoked.

The right of the court of chancery to entertain jurisdiction at the present time is not challenged in the answer. But this was not necessary. In *Mason* v. *Ross, 77 N. J. Eq. 527,* it appears that the defendant did not challenge the jurisdiction of the court of chancery, but this court, speaking through Chief-Justice Gummere, held that the question whether a right of way over the lands of one place exists in favor of another is purely a legal one, and, where the existence of such an easement is in dispute, the proper tribunal in which to settle it is a court of law; and that if the defendant had challenged the right of the court to entertain jurisdiction at this time, the bill would have been dismissed for lack of it, but that not having been done, the proper course for the court to have pursued was to retain the bill until the complainant had had a reasonable opportunity to establish her title at law. The decree was reversed so that the course indicated in the opinion could be pursued.

It can make no difference that the bill of complaint in this instance is for specific performance of a covenant out of which the easement arises, since the substantial question raised by the bill and answer is whether the complainant has legal title to the easement.

It is wholly immaterial under what form of bill the question arises. The disputed question must be first settled at law and in favor of complainant before it is entitled to the relief sought by the bill. See *Imperial Realty Co.* v. *West Jersey Railroad Co., 79 N. J. Eq. 168,* and the cases there collected.

Aside from the question of the present right to entertain jurisdiction the decree cannot be justified. It adjudges the complainant to be entitled to enjoy a right of way or easement for itself, its agents, servants and licensees on foot or in vehicles over the lands of the defendants and so materially broadens and enlarges the right of way or easement reserved by the covenant between the parties. *Marino* v. *Central Railroad Co., 69 N. J. Law 628.* It virtually converts a private road into a public one. The right of way covenanted for was a farm crossing to be used and enjoyed as such.

It was never contemplated that the farm crossing was to become, in the course of time, a public road, between farms plotted and laid out into building lots for the benefit of the complainant or the purchasers of such lots, to be maintained by the defendants. Under the form of the decree, as pointed out, there is nothing to preclude the complainant from asserting the right of the use of the easement to the extent described.

The decree will be reversed, with the direction that the bill be retained in the court of chancery and the complainant be given a reasonable opportunity to establish its title at law.

*For affirmance*—None.

*For reversal*—SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER—10.