EDWIN RUBIN ET AL., PLAINTIFFS, v. PIETRO TOMAINI, DEFENDANT.

Submitted October term, 1927—Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff, *Geran & Matlack*.

For the defendant, *Wilbur A. Heisley*.

PER CURIAM.

This is an ejectment suit. It was brought to recover a strip of land three feet facing on the street line of the north side of Broadway, in Long Branch, extending thirty-nine and three-tenths feet in depth, six inches wide in the rear, containing seventy and seventy-four hundredths square feet. The defense was adverse possession. The case was tried by Judge Rulif V. Lawrence without a jury. The trial resulted in a judgment for the plaintiff. Judge Lawrence, in the finding of facts and rule for judgment, reviews clearly and at some length the facts together with a summary of the law of adverse possession, in which it is said, in the circumstances, there is nothing to indicate that the original encroachment commencing some time in 1892 was anything more than a mistake or permissive in character, and the encroachment was removed some time in 1924. A protest to the encroachment was made in 1905, a period of nineteen years. There is no clear and convincing proof of adverse possession of the *locus in quo* to the full extent thereof for the statutory period. Each party under the judgment rendered by Judge Lawrence will have the possession of their respective lots, according to the dscriptions in their title deeds. The lots adjoin each other. The defendant claims title to the strip of land sued for by adverse possession.

A rule to show cause was allowed the defendant. He writes down seventeen reasons for a new trial. In view of the clear review of the facts by the trial court, these reasons call for no extended discussion. They are without legal merit. In addition to the reasons given by the trial court for entering judgment for the plaintiff, the facts show that a prior owner, one Wm. J. Smythe, after his purchase of the defendant's lot, some time in 1892, mortgaged the property, and the description of the lot in the mortgage followed exactly that of the title deeds. This mortgage was foreclosed in 1919 and the

property was sold by the sheriff by a like description. The mortgage did not cover the area which is in dispute. Smythe thereupon surrendered possession to the purchaser, after which by the same description the defendant, Pietro Tomaini, by deed dated April 10th, 1924, recorded in book 1254, page 385, of Monmouth county, acquired his title by the same description. Manifestly, he cannot set up adverse possession. The sheriff, under the execution in foreclosure, conveyed no such title. Smythe's adverse possession did not accrue to the defendant. See 9 *R. C. L.* 879, § 46.

The rule to show cause is discharged.