MARGARET FRIEL, complainant-respondent,

*v.*

JAMES DEL GUERCIO, defendant-appellant,

[Submitted May term, 1928. Decided October 15th, 1928.]

1. A sheriff's deed does not carry with it any adverse possession to adjoining land, even though the mortgagor was in adverse possession thereof.

2. The court of chancery has no jurisdiction to entertain a question of boundary between adjoining landowners involving only a substantial dispute over a private legal right in land resting upon a purely legal basis.

On appeal from the court of chancery.

*Mr. Anthony R. Finelli,* for the appellant.

*Mr. Joseph M. Degnan,* for the respondent.

The opinion of the court was delivered by

BLACK, J.

A bill of complaint in this case was filed in the court of chancery. The bill alleged that the defendant had purchased the property in the rear of complainant's land in the town of Belleville, Essex county, New Jersey. He claims complainant's hedge and fence and other shrubbery planted there by the complainant encroaches upon his line some six or seven feet. He threatens that unless the "hedge fence and other plants planted there" by the complainant are removed by Wednesday, August 24th, 1927, the defendant will remove the same. The prayer of the bill is that the defendant, James Del Guercio, may be restrained from trespassing upon the lands of the complainant, or from committing any injury thereto, until he shall establish his right, if any, upon the lands of the complainant by a suit at law, that in the meantime the *status quo* may be preserved.

It is further alleged in the bill of complaint that the complainant, with her late husband, Maurice Friel, moved into the said premises in October, 1893, and has had actual occupancy and possession thereof ever since.

The answer recites that the complainant obtained title to the premises by a deed from the Belleville Building and Loan Association on October 4th, 1918, recorded December 10th, 1918, *Exhibit C 3,* in the register's office of Essex county, in book X 60, page 489. He admits that the complainant, Margaret Friel, has legal title to that property since that date. The Belleville Building and Loan Association acquired that property under a deed from John R. Flavill, sheriff of Essex county, on August 19th, 1918, *Exhibit C 2,* as the result of a foreclosure of a mortgage, in which the metes and bounds of the property in the mortgage foreclosed are the same as in the deed to complainant. Book X 60, page 489.

The case coming on for trial before a vice-chancellor, he advised a decree enjoining and restraining the defendant from entering into and upon the premises owned by the complainant on the ground that as against the defendant, she has adverse possession. Each litigant claims the six and fifty-one hundredths feet. The crux of the case is, Where is this strip 'of land in dispute; is it within the description of the mortgage? The learned vice-chancellor, in order to reach his conclusion, tied the possession of the husband since October, 1893, with complainant's title acquired under the deed by the sheriff to the complainant in the foreclosure proceedings. The sheriff's deed did not carry with it any adverse possession to adjoining land. The complainant cannot set up title by adverse possession to land not included within the description of the mortgage. The sheriff, under the execution in the foreclosure proceeding, conveyed no such title, even if the mortgagor was in adverse possession thereof. *Rubin* v. *Tomaini, 141 Atl. Rep. 26; 6 N. J. Mis. R. 324.*

But there is a more important and far-reaching question involved, viz., the jurisdiction of the court of chancery. The mere fact that a boundary line involving principally the question of adverse possession is not of itself sufficient to confer jurisdiction on a court of equity. There must be some additional ground of distinct equity jurisdiction.

*Dickerson* v. *Stoll, 8 N. J. Eq. 294;* that case held, the court of chancery will not entertain a question of boundary between adjoining landowners. The complainant will be left to an action at law. An injunction will not be granted when the complainant has a full and complete remedy at law. *Higbee* v. *Camden, &c., Railroad Co., 20 N. J. Eq. 435.* The bill in this case cannot be maintained under any of the nine heads of equity jurisdiction pointed out by Mr. Justice Dixon, in the case of *Hart* v. *Leonard, 42 N. J. Eq. 416.*

At first thought, it would seem, the bill might be maintained under the sixth head, cited by Mr. Justice Dixon, in that case, viz.: Cases when the object of the bill is to prevent an injury, which will be destructive of the inheritance, or which equity deems irreparable, *i. e.,* one for which the dam-

ages, that may be recovered according to legal rules do not afford adequate compensation.   But in this case the damages to the hedge fence and other plants can be fully paid for by damages recoverable according to legal rules.   In the case cited, however, the bill was filed to obtain an injunction against the defendant restraining him from obstructing an alleged private way over his lands, the court denied injunctive relief and held that a substantial dispute over a private legal right in land resting upon a purely legal basis is not ordinarily cognizable in a court of equity.   This court directed the bill in that case dismissed.   So, here, the decree below should be reversed, and the bill dismissed.

*For affirmance*—KATZENBACH, WHITE, VAN BUSKIRK, JJ. 3.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, LLOYD, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  12.