The bill is to restrain the railroad company from obstructing the free passage of complainant, its successors and assigns and the general public over a railroad crossing, and to compel the railroad company to maintain a suitable crossing.
The complainant owns a tract of land on the southwesterly side of the railroad between Mt. Tabor and Morris Plains stations, Morris county. The only means of access is by a road starting at the tract and running across the railroad in a northeasterly direction to the public highway from Dover to Morristown. The complainant purposes plotting the tract into lots for building sites; it adjoins Lake Lenore, which it has developed. The railroad closed the crossing and the enterprise is blocked.
The complaint alleges that the road is an open public road, with a regularly constructed railroad grade crossing, which has been maintained by the railroad company continuously for more than forty years and that for all of that time the complainant and its predecessor in title have continually, openly and adversely used the crossing.
Prior to 1850 the Morris and Essex Railroad Company (defendant's predecessor) surveyed its route across the lands of one Halsey nine hundred and sixty-seven feet, and in that year Halsey conveyed to the company the route, reserving to himself and his heirs and assigns a bridge then over the railroad, connecting the lands, a free passage thereon forever. Title to the Halsey lands came to one Dickerson, whose heirs, owners of the common property, conveyed the *Page 535 
tract on the southwesterly side of the railroad to the complainant's predecessor in title in 1927.
The answer denies the easement, admits that the court has jurisdiction and submits that the issue be referred to a court of law for a jury trial according to the existing practice. Accordingly, with the consent of the defendant, issues were sent to the supreme court for trial, framed, and answered by the jury in this form:
(a) Whether or not the complainant has a right of way in a vehicular crossing over defendant's railroad tracks running in a northwesterly direction from complainant's land to the main highway running from Dover to Morristown. Answer: Yes.
(b) What is the location and direction of such right of way? Answer: As shown on map P-9 and P-10 (annexed to order framing the issues).
(c) Whether such right of way has been obstructed or disturbed by the defendant, and if so, in what manner, and to what extent and for what period? Answer: Yes, by posts; about eighteen months ago.
The verdict was entered November 5th, 1931, and the complainant moves for a decree on the postea and on the evidence taken at final hearing.
The defendant objects, claiming that the case is within the first class of Mr. Justice Dixon's classification of equity's jurisdiction to protect and enforce legal rights in real estate, in Hart v. Leonard, 42 N.J. Eq. 416; that equity is without jurisdiction until the easement is established by the judgment of a court of law, and that a verdict on a feigned issue does not meet the jurisdictional test.
The case is within the sixth class.
Closing of the road is destructive of the inheritance. Equity has original jurisdiction.
In equity suits to enforce legal rights in real estate, ifjurisdiction is challenged by a disputed legal title, the title must be established by a judgment at law; if relief depends upon a disputed legal title, the title may be settled by an action at law or upon a feigned issue.
In protecting the inheritance from destruction, equity exercises *Page 536 
an original jurisdiction and establishment of the legal title becomes essential only to relief, not to jurisdiction. The chancellor may himself determine the question, if there be no objection; or he may order the legal title settled by a judgment at law or by a jury on a feigned issue, at the election of the defendant. The defendant cannot be denied a trial by jury in an action at law. He may waive a jury trial altogether. It is deemed as waived if he does not apply for it in his pleadings. Section8, Chancery act, 1915. He waives his right to a trial in an action at law if he consents to a trial on a feigned issue.American Dock and Improvement Co. v. Trustees for PublicSchools, 37 N.J. Eq. 266. If the title be determined by a verdict in a suit at law, the postea is returned to the law court for its judgment and review according to law; the judgment is res adjudicata and binds the chancellor as a matter of law. If tried at law upon a feigned issue, the postea is returned to the chancellor to be reviewed by him according to law, and, though it is to satisfy his conscience, it also binds him as a matter of law, for his conscience will not be satisfied until a legally correct verdict is returned, and his judgment that the verdict is or is not according to law is reviewable as are judgments, on verdicts, of the supreme court. McAndrews ForbesCo. v. City of Camden, 78 N.J. Eq. 244; McGrath v. Norcross,83 N.J. Eq. 355.
Were this a suit of which Hart v. Leonard, supra; Todd v.Staats, 60 N.J. Eq. 507; Mayor, c., of South Amboy v.Pennsylvania Railroad Co., 77 N.J. Eq. 242; Mason v. Ross,77 N.J. Eq. 527; Ostrander v. United New Jersey Railroad and CanalCo., 83 N.J. Eq. 645; Friel v. Del Guercio, 103 N.J. Eq. 284,
and Hayes v. White, 104 N.J. Eq. 146, are types, where the legal right in real estate is required to be established by a judgment at law before equity may exercise its jurisdiction to enforce the right, the chancellor, being without jurisdiction, could not, of course, try the question of title, even by consent, but where equity exercises an original jurisdiction, as in this instance, to prevent the destruction of the inheritance, or to quiet titles, or in partition, dower and the like, it determines the legal title to land as it does any *Page 537 
other question upon which the right to relief depends, subject to the right in the defendant to have it settled by an action at law or upon a feigned issue. American Dock and Improvement Co. v.Trustees for Public Schools, supra, was a case under equity's inherent jurisdiction to remove a cloud and to quiet the title to lands. The title was settled upon a feigned issue and the verdict was regarded as conclusive upon the chancellor on the motion to settle the decree. S.C., 39 N.J. Eq. 409. See, also, McGrath
v. Norcross, supra, and Andrews Forbes Co. v. City ofCamden, supra.
It is not even debatable, that the closing of the railroad crossing utterly destroyed the use of the complainant's property. Without the crossing it is valueless. There is no other way to it. That the railroad maintained the crossing, and that the complainant had a right of way over it, afoot and by vehicle, and that it and its predecessors in title were in the enjoyment of it for forty and more years is established. The bridge over the railroad connecting Halsey's lands on either side fell away fifty and more years ago. Another crossing from field to field was opened and then the one in dispute, which has been in use beyond the memory of man, presumably by grant, now resting in prescription. But it was a crossing used only by the owners of the land, their hired men and tenants, to get to the far field for cultivation and to carry away the crops and wood. That did not make of it a public highway; the crossing was never used by the public of the neighborhood. The jury has not found the crossing to be a public highway, nor that the complainant's way of easement resides in a public highway, over which it and its successors and the general public have the right to free passage. The issue before the jury was not that upon which the relief is sought — a right of way in a public highway. The jury's verdict, that the complainant "has a right of way in a vehicular crossing over defendant's railroad tracks running in a northwesterly direction from complainant's land to the main highway running from Dover to Morristown" is far from a finding to support the charge in the bill, that the right of way is in a public highway. The broadest interpretation to be given to the verdict is, that the complainant has a right *Page 538 
of way, afoot and with horse and wagon, now automobile, over a crossing of vehicular capacity.
The complainant may amend its bill modifying the issue and the prayer accordingly and have a decree upon the facts as found by the jury. The defendant can have no valid objection to this court, it having consented to the modification of the issue as set to the jury; and it has not objected to the verdict.
The complainant may also move to vacate the order for the feigned issue, and for a new one conformable to the issue raised by the pleadings. Upon failure to move within twenty days the bill will be dismissed.