## DUNN v. ENGLISH.

1. In construing a deed, it is to be taken most strongly against the grantor.
2. Where the description of the thing granted in a deed is ambiguous, the intent of the parties may be arrived at by proof of the situation and use of the subject matter at the time of the grant.
3. A grant of the wagon way between the two dwellings, in a deed where that way had been described as extending to the whole depth of the lot, will not be confined to that part of the way which lies between the houses: the words "between the houses" will be considered as designating what · way was intended.

The CHIEF JUSTICE delivered the opinion of the court.

This action is brought to recover damages for the alleged obstruction of a private way, claimed by the plaintiff over the land of the defendant. The question at issue involves the *right* of the plaintiff to the way in question. Its decision depends upon the true meaning and construction of a deed, executed by the defendant to William C. Branin, (under whom the plaintiff claims) bearing date on the first day of November, 1847. The deed conveys to the grantee two small parcels of land, apparently for the purpose of straightening the division line between the lot of the plaintiff and the defendant, "together also with the privilege and common use of the wagon alley between the houses of the said English and Branin, and through the yard of the said English to the back stable lot of the said Branin, and also the further use and privilege of a two and a half feet alley, or passage way, along and around the wall of the Trenton Bank lot, to and from the dwelling house lot of the said Branin to the stable lot of the said Branin. But if at any time hereafter the said dwelling house lot and the said stable lot of the said Branin, above mentioned, shall be owned by different persons, then and in that case the pri-

vilege and use of the said two and a half feet alley or passage way, and also the wagon way to the said stable lot, shall cease and become null and void, and *to* revert again to the said Joshua English, his heirs and assigns. But the privilege of the wagon way between the dwellings to remain with the front house."

It is clear, from the terms of the grant, that the right to the use of the alley between the houses attaches as well to the front lot as to the stable lot in the rear. The whole clause, taken together, including as well the words of grant as those of qualification, leave no room for doubt upon this point. It was rightfully conceded by the counsel for the defence upon the argument. The only question relates to the *extent* of the right. The plaintiff claims the right to pass through the alley between the houses to a gateway leading into his own lot, immediately in the rear of his house. The defendant insists that, by the terms of the grant, the right of the plaintiff is limited to the use of so much of the alley as lies immediately between the houses; that the passage way claimed by the plaintiff beyond the line of the rear of the house is consequently *extra viam*, and that he is entitled to no damages for its obstruction.

We regard the construction put upon the language of the instrument by the plaintiff as the true one, and sustained by sound rules of interpretation. 1. Because a grant is always to be construed, in cases of doubt, most strongly against the grantor, and most beneficially for the grantee. 2 *Bl. Com.* 380; *Woolrych on Ways* 18.

2. Because, by the limited construction sought to be given to the language of the instrument by the defendant, the practical utility of the grant is entirely defeated. The grantee acquires merely the right of a wagon alley from the street to the rear wall of his house without the possibility of having access to his lot. Such construction should not be adopted, except in a case entirely free from doubt. It is no answer to the objection to say that the grantee may use the alley, so limited, by breaking into it through the wall of his house. No provision for such use was made when the building was erected; none such existed when the deed was made; no such use can rea-

sonably be presumed to have been within the contemplation of the parties.

3. The construction of the grant must be favorable, and as near the mind and intention of the parties as the rules of law will admit; and, to ascertain this intention, parol evidence may be resorted to, not to contradict or vary the words of the grant, but to show, from the situation and condition of the subject matter, what meaning the parties attached to the words used, especially in matters of description. *Greenl. Ev.* § 282, § 286; *Doe* v. *Burt*, 1 *T. R.* 701; *Salisbury* v. *Andrews*, 19 *Pick.* 250.

It appears from the evidence of William C. Branin, under whom the plaintiff claims title, that prior to the erection of his house, in 1847, there was a passage way from the street to his lot, at the west end of his house; that, after entering into a verbal arrangement with the defendant for a right of way through his alley, he closed the ancient passage way, and opened a gate way at the rear of his building from his own lot into the defendant's alley; that the gateway was opened, and used by him for obtaining access to his lot, through the wagon alley between the houses, at the date of the deed in question, and continuing so to be used under the grant in the deed until the premises were conveyed by him to the plaintiff; that during this period the defendant occupied the house upon the lot across which the alley way passes, and suffered the right of way to be enjoyed without question. This evidence is not only strongly indicative of the understanding of the parties to the contract, as to its true meaning, but it shows that prior to, and at the date of the deed, the way was used through the alley and the gateway into the lot of Branin precisely as it is now claimed by the plaintiff. And it is worthy of remark that the grant is *not* of the use and privilege of *an* alley between the houses, but of *the* wagon alley, referring to the alley as it then existed and as it was then used, not to the rear wall of the house merely, but to the gateway in the rear of the house.

It is insisted, however, that the language of the deed is unambiguous, and admits of no doubt; that consequently there is

Dunn v. English.

no room for the application of the rules of interpretation, and that all evidence of the intent of the parties, aside from the language of the instrument, is inadmissible. If the phrase, "between the houses of the said English and Branin," used in the description of the alley, were designed as a strict limitation of the extent of the grant the position is sound. But the phrase, it is obvious, may have been used either by way of limiting the grant, or as a mere description of the thing granted, as words of limitation or of description. The grant of the use of "the wagon alley between the houses" will include the whole extent of the alley, and not that part of it merely lying directly between the buildings. If the houses stood ten feet back from the street, and the passage way crossed the land of the defendant in front of his house, could a doubt be entertained that the grant in question would convey a right of passing from the street across the land of the defendant to the line of the houses? If not, the grant would be utterly nugatory, and the manifest intention of the parties defeated.

This conclusion is supported by the principle of the case of *Senhouse* v. *Christian*, 1 *T. R.* 560. The plaintiff here does not seek, as in that case, to open a transverse road to land acquired subsequent to the grant of way. He asks merely the uninterrupted enjoyment of the way to the lot for the use of which, as we have seen, the way was clearly granted. Nor is the authority of the case of *Bulard* v. *Harrison*, 4 *Maule & Sel.* 393, in any wise called in question. The grantee does not claim the right to break out of the private way at his pleasure, he simply asks the enjoyment of the way to the extent of the grant.

We are of opinion that, by the terms of the grant, the plaintiff is entitled to the common use of the wagon alley between the houses and to the gateway in the rear of his house, for the purposes of access to his lot, in as full and ample a manner as they were used and enjoyed by Branin at the date of the deed to him from the defendant, and that any obstruction of the way is a nuisance, for which the defendant is liable in damages.

The motion for new trial is denied, and judgment upon the verdict rendered for the plaintiff.