JAMES D. HARRIS

*v.*

JOHN H. JOHNSON and others.

A conveyance of "all that free use of the undivided half part of the
wagon-way extending one hundred feet along the said John H. John-
son's line, from the public highway; the said wagon-way to be used
only for passing in and out at all proper times, but without unneces-
sary delay or obstruction to the said passage-way, thereby causing
annoyance and damage to the said John H. Johnson, his heirs or
assigns," with an *habendum* to the grantee, his heirs and assigns, to his
and their only proper use, benefit and behoof forever, and with usual
covenants of warranty, conveys only a right of way or easement.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. G. O. Vanderbilt* and *Mr. J. H. Stewart*, for com-
plainant.

*Mr. J. F. Hageman*, for defendants.

THE CHANCELLOR.

On or about the 18th of October, 1875, an agreement, in
writing, was made between the complainant and the defend-
ants Maria Johnson and David C. Johnson, her husband,
for the sale and conveyance by them to him, for the consid-
eration of $1,600, of a lot of land in the village of Kings-
ton, in the county of Somerset, reserving thereout, in the
words of the agreement, "the right of a wagon-way for
John H. Johnson and his heirs and assigns, to the distance
of one hundred feet, along the line of the said John H.
Johnson, from the public highway, to be used only for pass-
ing in and out at all proper times, but without any unneces-
sary delay or obstruction to the said passage-way, thereby
causing any annoyance and damage to the said James D.
Harris, his heirs or assigns."   Subsequently, by deed dated

Harris *v.* Johnson.

March 27th, 1876, and acknowledged and delivered on that day, Mr. and Mrs. Johnson conveyed the property to the complainant, in pursuance of the agreement. The deed contained a reservation of a right of wagon-way, exactly in accordance with the provision of the agreement in that respect. By deed dated the 25th of the same month, but not acknowledged or delivered until the 27th, Mrs. Johnson (her husband joining in the deed), for the consideration of $200, "granted, bargained, sold, aliened, released, enfeoffed, conveyed and confirmed" the right of way to John H. Johnson (son of David C. and Maria Johnson), his heirs and assigns forever, by the following description:

"All that free use of the undivided half part of the wagon-way extending one hundred feet along the said John H. Johnson's line, from the public highway; the said wagon-way is eight feet six inches between the two houses, and ten feet at the north end; the said wagon-way to be used only for passing in and out at all proper times, but without unnecessary delay or obstruction to the said passage-way, thereby causing annoyance and damage to the said John H. Johnson, his heirs or assigns."

That deed contained an *habendum* to the grantee, his heirs and assigns, to his and their only proper use, benefit and behoof forever, and it contained the usual full covenants applicable to the conveyance of land, the scrivener having . used for the conveyance a printed blank of a deed of land. The complainant being advised and apprehending that this latter deed, which is of prior date to his, and has been recorded while his has not, conveys more than the right of way, viz., the fee in the land over which the right of way is given, files his bill to remove the supposed cloud.

There is no evidence of any design on the part of the Johnsons, his grantors, to overreach the complainant or in any way to defraud or prejudice him or becloud his title, or to do anything more than assure the right of way to John H. Johnson and his heirs and assigns. On the contrary, they appear to have been, up to the time when legal proceedings were threatened, willing and even anxious to

correct any mistake which might have been made by the scrivener in the conveyance of the right of way, and John H. Johnson would, undoubtedly, on proper application, before this suit was brought, have willingly executed any instrument deemed proper to quiet the complainant's apprehensions. The fears of the complainant, however, are groundless and he has no claim to relief. The deed to John H. Johnson obviously was intended merely to secure to the latter the right of way reserved in the deed to the complainant, and it, in fact, does nothing more. *2 Washb. on R. P. (4th ed.) 300; Codman* v. *Evans, 1 Allen 447; Jamaica Pond Aq. Corp.* v. *Chandler, 9 Allen 159, 164; Washb. on Easements 37, 39; Homes* v. *Richards, 2 Call 441; Leavitt* v. *Towle, 8 N. H. 97; Graves* v. *Amoskeag Co., 44 N. H. 462.*

The bill will be dismissed, with costs.