The complainant Gross bought the old Trefz brewery from the Krueger Company, and in his agreement of sale with, and his deed from, the Krueger Company, covenanted not to use the property for a brewery. Before he got his deed he sold the property to the defendant, and in a memorandum agreement between them it was stipulated that "the property is to be delivered the same way as the agreement held by said Samuel Gross." The following day a formal agreement of sale was entered into in which the stipulation was omitted.
Complainant prays that the agreement of sale be reformed to include the covenant, and as reformed that it be specifically enforced. Contracts for the sale of land will not be reformed in respect of matters required by the statute of frauds to be in writing, and then enforced. Wirtz v. Guthrie, 81 N.J. Eq. 271;Vogt v. Mullin, 82 N.J. Eq. 452; Schwartzman v. Creveling,85 N.J. Eq. 402. Complainant later waived this prayer for performance and now asks reformation to protect him against a possible suit for a breach of the contract as written. While equity refuses to reform such a contract for the purpose of prosecution, either at law or in equity, it will reform to defeat an inequitable suit for a breach. Suit is not threatened and the plea is premature.
The proofs do not show that the defendant agreed to take title to the property subject to the restrictive covenant, nor that the stipulation in the memorandum agreement that the property was to be delivered in the same way as Gross was *Page 66 
to receive it, means that the defendant was to take title subject to the covenant. The Krueger Company had reserved the right to remove some appliances, and it would appear that the stipulation, as its language indicates, embodied the understanding of the parties that the defendant was to take the property, minus the articles, as the complainant had agreed to do with the Krueger Company. The defendant also testified that he did not know of the covenant until the day fixed for the passing of title, although the complainant's real estate agent, who negotiated the sale, testified that he had shown him the Krueger Company contract before the memorandum agreement was signed, and also that he had shown it to the scrivener of the agreement of sale before it was drafted. Both deny seeing it. Had she known of the covenant it would not have been notice to the defendant, nor evidence that he had agreed to the covenant. The scrivener, an efficient clerk in the office of the defendant's attorney, prepared the agreement of sale, as she says, in ignorance of the stipulation or the covenant. It was sent, signed, to the attorney of the complainant, who, after criticism and correction, returned it executed by his client without, as he says, noticing the omission. To warrant a reformation of a contract on the ground of mutual mistake the proof must be clear and convincing that a mistake had been made and that it was mutual. Green v. Stone,54 N.J. Eq. 387; Birch v. Baker, 81 N.J. Eq. 264.
If the stipulation had been incorporated in the agreement of sale the defendant would not, upon the case as made, have been compelled to accept the title subject to a burden of which he had no notice.
 The bill will be dismissed. *Page 67