Ira R. Crouse, complainant-appellant,

*v.*

Herman Sloan et al., defendants-respondents.

[Submitted February 11th, 1926. Decided May 17th, 1926.]

The facts in this case, *held* not to establish any right in complainant to an easement in the defendants' adjoining building.

---

On appeal from a decree advised by the late Vice-Chancellor Foster, who filed the following conclusions:

"Complainant seeks an injunction to protect an easement for the benefit of property owned by him in Fords, in Middlesex county. The easement is claimed to arise out of the following circumstances:

"About 1920 one Kish was the owner of two lots on the corner of New Brunswick avenue and Corrielle street, in Fords. On the corner lot he erected a two-story building, which was rented to the defendant Sloan, who has since conducted a drug store therein, and which is now owned by the defendant Mrs. Sosin.

"In September, 1920, Kish, because of financial difficulties, conveyed the two lots to Mr. Spencer, his attorney, in trust. In September, 1921, Spencer reconveyed the inside lot to Mrs. Kish, retaining title to the corner property then occupied by Sloan.

"On this inside lot Kish, late in 1921 and the early part of 1922, erected a two-story building, now called the Butler Building, and this is now owned by complainant. This building originally contained two stores on the ground floor and a stairway leading to the living apartments above where Kish and his family lived, and to reach this apartment they used the stairway in the Butler Building. One of these stores was

rented by Kish to the James Butler Company, and the other was occupied as a butcher shop.

"In the early part of 1922 Kish again became financially involved through his building operations; among his creditors was complainant, a lumber dealer. To obtain his money and at the solicitation of Kish and Spencer, complainant agreed to take title to the Butler Building, in settlement of his claims and pay the debts against it, if a building and loan association mortgage could be obtained.

"By a deed dated February 11th, 1922, Kish and his wife conveyed the Butler property to complainant and between this date and May 5th, 1922, when the deed was recorded, Kish was employed by complainant to remove the stairway from the Butler Building, and also to remove the partition between the two stores, and on the completion of their removal, complainant, in December, 1922, gave the James Butler Company a lease on the enlarged or single store in the Butler Building for five years, with the privilege of renewal for five years longer.

"After the stairway had been removed from the Butler Building, Kish, and later a tenant named Schoenbrown, who occupied the apartment over the enlarged Butler store, through an oral permission granted to complainant by Spencer, who still held title to the corner drug store property, made use of both the inside and outside stairway of the corner building to go to and from the second floor of the Butler Building. During all this time the defendant Sloan occupied the lower floor of the corner building as a drug store and lived in the apartment over it.

"On September 17th, 1923, Sloan purchased the drug store property from Spencer. Sloan and his attorney state that before completing this purchase they spoke to complainant about stopping the use of the stairways in the corner building by his tenants, and that he promised them to do so and to replace the stairway in his own building; complainant denies this. In the deed from Spencer to Sloan it is expressly stated that the grantee 'can close up, discontinue and shut off any entrance or entrances leading to the building adjacent.' This

Sloan proceeded to do soon after obtaining title, and about December 24th, 1923, the Sloans conveyed the premises to the defendant Mrs. Sosin, who is the mother of Mrs. Sloan.

"Complainant relies for relief upon the principle stated in *Kelly* v. *Dunning, 43 N. J. Eq. 62; affirmed, 46 N. J. Eq. 605,* but the facts do not bring this case within that principle, viz., that before the separation of title a use was made of part of the premises, which gave rise to an easement, and which had been so long continued and was so obvious or manifest as to show it was intended to be permanent. Prior to the separation of title the entrances and stairways in the corner building had been used by complainant's tenants for a very short period without any indication of permanency, under an indefinite form of permission from Spencer. This permission was not in writing, it was not for any definite time and it was not irrevocable, and in his deed to Sloan, Spencer expressly authorized Sloan to revoke this permission at his pleasure, by closing up or shutting off the stairways. And this permission was, in effect, revoked by the terms of this conveyance, as well as by the transfer of title. *Klein* v. *Stamler, 124 Atl. Rep. 366.* The facts in the case show complainant's claim to be a demand for relief, as an exception to the statute of frauds, and bring it within the doctrine of *Lawrence* v. *Springer, 49 N. J. Eq. 289,* and later cases, in which that case has controlled, and in which it is held in view of the statute of frauds, 'an easement cannot be in this state imposed on land by the force of parol evidence,' unless the parol contract has been proven to the point of demonstration and the repudiation of it would work irreparable injury. See, also, *Magnolia Construction Co.* v. *McQuillan, 94 N. J. Eq. 342.*

"The facts established afford no such demonstration, and are not sufficient to entitle complainant to the relief he seeks.

"I will advise that the bill be dismissed."

For the appellant, *John A. Coan.*

For the respondents, *Louis Y. Sosin.*

PER CURIAM.

The decree under appeal will be affirmed, substantially for the reasons contained in the conclusions of Vice-Chancellor Foster. There seems to be some slight confusion in the case as to whether the "Butler Building" had originally one store which was converted into two, or two stores which were converted into one. For the purpose of decision it is immaterial, the revelant fact being that at the time of that conversion the stairway in the Butler Building was taken out, and access to the upper floors had through the Sloan building. In the reasoning and result as appearing in the conclusions we fully concur.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.