This suit was instituted to reform a deed given by the complainant company to the defendant company of a tract of land located at Passaic, New Jersey, and referred to as the *Page 56 
Parmly farm. In a receipt for a preliminary payment, and also in the formal agreement for the sale of the property, it was described by designating certain lots by numbers, as delineated on a map of the Brook Avenue Land Company, known as the Pettersen map. This map, in addition to the lot numbers, also showed certain streets running through the property, and on which the lots abutted, including one named Spring street. In the agreement provision was made for allowances to the defendant for grading and for finishing sidewalks on the streets, some portion of which had already been begun by complainant. When the receipt and agreement were prepared, the deed received by the complainant from its grantor was at the register's office for recording, and was not available for the preparation of the description of the property. But when the deed from complainant to the defendant was prepared, the former deed was at hand, and the property was described in the present deed by the metes and bounds of the Parmly farm, in conformity with the description in the former deed. It was executed and delivered by complainant to defendant in that form, without any reservation of the streets as shown on the Pettersen map. Later on, the defendant advertised lots for sale on this tract, according to a map prepared by it, which appears to be the same as the Pettersen map, except that it shows Spring street extended to the city line. The controversy between the parties arose when defendant proceeded to construct sidewalks on a street intersecting Spring street across the line of the latter street as thus extended on defendant's map; and thereupon complainant filed its bill in this suit, alleging that the deed given by it to defendant did not correctly set forth the real agreement between the parties, and praying for a reformation of the deed, so that the description therein should be in conformity with the description set forth in the preliminary receipt and the formal agreement, and asserting that the description, according to the metes and bounds of the property, following the former deed mentioned, had been inserted in the present deed by mutual mistake.
Defendant asserts that there was no mistake on its part, and that the deed correctly sets forth the description of the *Page 57 
property as it understood it was to be, namely, the Parmly farm by metes and bounds. Defendant further asserts that the only reason why the property was not so described in the receipt and agreement was because the former deed to complainant was at the register's office, being recorded, when those documents were prepared; and so the best description then available was used, which was by lot numbers, and reference to the complainant's map.
Complainant, on the contrary, just as positively asserts that it was never the intention of the parties that the streets should be conveyed; and that the allowances to defendant for the completion of the sidewalks and grading, and the subsequent advertisement of sale by defendant by its own map showing Spring street extended, in addition to the other streets as also delineated on complainant's map, conclusively sustain complainant's contention. In further support of its position complainant also produced a representative of the title company which supervised the transfer of the property from complainant to defendant, and which was to insure the title for defendant, who felt pretty sure that he had prepared the deed and had changed the description as above indicated, without apprising the parties thereof, because complainant's map was not a filed map, and the title company would not insure on a description referring to a map not regularly on file.
Defendant's witnesses, however, testified that the deed was prepared under defendant's supervision, and a clerk was produced who testified that she wrote the deed.
Complainant desires the reformation sought so that Spring street may be opened up to the line of other property belonging to it, adjoining the Parmly tract, and from which it has no direct outlet except by way of that street.
With the proofs in this posture the court is asked to reform the deed on the ground of mutual mistake. Rescission is not sought.
In this state, to warrant reformation on the ground of mistake, it must appear, in the absence of fraud, that the mistake was mutual; and the evidence to warrant reformation must be clear, unequivocal and convincing. The principles *Page 58 
upon which this rule is established have been frequently enunciated by our courts.
It is also a well-established rule that a deed is to be construed most strongly against the grantor. With the testimony in such sharp conflict, as indicated, and with the rules so clearly established as stated, it seems to me that the complainant has not produced the clear and convincing proof necessary to grant a reformation of the deed to defendant.
I will therefore advise a decree dismissing the bill.