The question involved in this issue is the right of the complainants to restrain the defendants from proceeding with an ejectment suit. In the ejectment proceeding, Linstra, one of the defendants herein, has demanded the possession of certain lands and premises located in the borough of East Paterson, New Jersey. To invest this court with jurisdiction, the complainants ask for a reformation of deeds to their property and the defendants', both of which properties were acquired from Louis A. Allen, a member of the bar now deceased.
My views as to the right of the complainants are the same as entertained, and expressed orally, at the conclusion of the hearing before me when I stated, among other things, that the bill of complaint should be dismissed. *Page 356 
The evidence, which is brief, shows that the conveyance from Allen to the complainants was a separate transaction from the conveyance of the adjoining property by Allen to the defendants. The property adjoins, but the arrangements for the purchase were made at different times, although the conveyance bears date the same day. About a year after the purchase of the property complainants erected a building on it and here the dispute initiated, when the defendants claimed title to the land upon which the building stood.
A surveyor produced on behalf of the complainants, testified that the property owned by the defendants was as described in their deed, but, in his testimony, he said that he knew the complainants and defendants disputed the legal title to their respective properties. It is quite apparent from a perusal and consideration of the evidence of the other witnesses that the dispute between the parties is one involving legal title. The question of legal title, therefore, being involved, it is pre-eminently a case for the law courts. The relief in this jurisdiction should be adequate. Hart v. Leonard, 42 N.J. Eq. 416; Mason v. Ross, 77 N.J. Eq. 527; Swinley v. Hall, 83 N.J. Eq. 349; Ostrander v. United New Jersey Railroad and Canal Co.,83 N.J. Eq. 645.
Furthermore, I find nothing in the evidence disclosing a mutual, or even a unilateral mistake, and there appears to be no warrant under our cases for granting the relief sought. To obtain a reformation for mistake, the demonstration of the mistake must be clear and convincing. The requirements to secure the remedy are set forth in many cases by our court of errors and appeals. Among them may be mentioned at this time: First National Bank ofthe Town of Union v. Fessler, 84 N.J. Eq. 166; UniversalSecurity Co. v. American Pipe and Construction Co., 95 N.J. Eq. 752.
A decree should be entered dismissing the bill. *Page 357