Complainants' bill seeks the foreclosure of a mortgage covering premises, title to which now is in the name of defendant Mollie Goldberg. For the purpose of ultimately holding him liable upon the bond for any resultant deficiency, complainants joined, as a party defendant, one Saul M. Mann, who thereupon filed his answer and counter-claim setting forth that he acquired title to the mortgaged premises from complainants, to whom he gave the bond and mortgage in question, not in his individual capacity but as trustee for his said co-defendant; by reason of which he seeks a reformation of each of said instruments in manner and form indicative thereof.
The evidence discloses, without contradiction, that in the latter part of 1928, complainant John P. Laytham became the owner, by purchase at a foreclosure sale under a mortgage then held by him, of the premises in question. During the pendency of that foreclosure proceeding, he arranged with defendant Max Goldberg to convey to the latter and his wife, *Page 564 
defendant Mollie Goldberg, the said premises; if and when he, himself, acquired same, taking back a bond and mortgage thereon in the sum of $8,500. The deed, bond and mortgage necessary to effectuate this arrangement were, pursuant to his direction, prepared by said complainant's attorney, David H. Butz, a member of the bar of this state. Shortly prior to the date fixed for closing of title, defendant Max Goldberg apprised said complainant of his (Goldberg's) wife's then expressed unwillingness to accept the said deed or execute the said bond and mortgage because of her then conceived danger to the safety of her children presented by the propinquity of the premises in question to the unprotected banks of the Passaic river.
In order to obviate the thus presented necessity of postponing the date already fixed for passing of title, pending her reconsideration of her said objection, her husband and said complainant evolved an arrangement whereby her brother, defendant Mann, was to execute the bond and mortgage upon and take the deed to the said premises, temporarily and for her benefit and in whom the beneficial interest therein was to reside. Accordingly and by the direction of said complainant, her name and that of her said husband were eradicated by complainants' said attorney from the already prepared instruments, and that of defendant Mann substituted in their place and stead. In accordance with their said arrangement, the said instruments, as thus altered, were thereupon executed by defendant Mann, shortly after which he reconveyed said premises to his said sister and co-defendant, Mollie Goldberg.
Based upon these facts, defendant Mann contends that the instruments as thus drafted and executed, fail to express or fulfill the manifest intent and agreement of the parties, viz.: that said instruments were to be received and executed by him not in his individual capacity but as trustee for his said sister in whom the beneficial interest was intended to vest. That such was the understanding and intent is, however, vigorously denied by said complainant. But the conflict engendered by this denial alone will not of itself suffice to bar *Page 565 
the reformation which defendant Mann here seeks (Goerke Co. v.Diskon, 75 Atl. Rep. 780; Brunswick Topsham Water District v.Inhabitants of Topsham, 100 Me. 334; 84 Atl. Rep. 644; 35 C.J.1038), if the evidence taken as a whole clearly, convincingly and without doubt resolves the issue thus created in his favor.Klass v. Boston Insurance Co., 103 N.J. Eq. 521;143 Atl. Rep. 815; affirmed, 104 N.J. Eq. 492; Higgins v. Linstra, 104 N.J. Eq. 355; 145 Atl. Rep. 622; affirmed, 105 N.J. Eq. 246;147 Atl. Rep. 909; Brook Avenue Land Co. v. Cadillac Development Co.,101 N.J. Eq. 55; 136 Atl. Rep. 713; Gross v. Yeskel, 98 N.J. Eq. 64; 130 Atl. Rep. 546; Crosley v. Superb Realty Co.,93 N.J. Eq. 228; 119 Atl. Rep. 875; Giammares v. Allemannia FireInsurance Co., 91 N.J. Eq. 114; 108 Atl. Rep. 237; The SeitzBrewing Co. v. Ayres, 60 N.J. Eq. 190; 46 Atl. Rep. 435; FirstNational Bank of Town of Union v. Fessler, 84 N.J. Eq. 166;92 Atl. Rep. 914; Cummins v. Bulgin, 37 N.J. Eq. 476.
Strongly and convincingly corroborative of defendant Mann's testimony that he was to execute the said bond and mortgage and take the deed not in his individual capacity but merely as trustee for his said sister are the undisputed facts that he never intended to purchase, never negotiated for the purchase and never, before or after the execution of said instruments, even saw the premises in question; that he never collected or received any rentals from, nor paid any of the maintenance or other carrying charges for, the said premises, but that all of said collections and disbursements, including the payments of the interest installments on complainants' said bond and mortgage, were always made by or on behalf of his said sister, to whom he, shortly after the execution of said instruments, had conveyed said premises; and that he, except for the occasion when said instruments were executed, had never even seen or spoken to either of the complainants. Added significance is given to these facts by complainant's own admission that he knew and understood that defendant Mann was to have no interest in the said premises and by the further fact that complainants' own *Page 566 
attorney, David H. Butz, testified that he, too, understood and knew that defendant Mann, because of a then arisen obstacle, was simply taking title for his said sister in whom the beneficial interest was intended to be vested.
In addition to all of the foregoing, there is the further fact that complainants themselves make no claim to have ever intended to sell the said premises to anyone other than defendant Goldberg, whose bond and mortgage they were to receive. Were it not for the then conceived fear of defendant Goldberg, the transaction agreed upon would have been fully consummated without the interposition of defendant Mann and complainants would then have received her bond and mortgage, which is substantially what they will have if the instruments here in question are reformed as prayed for. The conclusion is inescapable that the parties, in view of her said fear, interjected defendant Mann into their transaction as a mere agency or means towards the ultimate accomplishment of their purpose — the undelayed closing of title and the ultimate vesting of said title in his sister; the real purchaser and beneficial owner thereof.
The evidence is clear, free of doubt and convincing. From it the unbiased and dispassionate mind can reach no conclusion other than that the intent and understanding of all the parties unquestionably was that defendant Goldberg was the real purchaser of the premises in question and that defendant Mann, in executing the bond and mortgage upon and taking the deed for said premises did so not in his individual capacity but solely for the benefit of and as trustee for his said sister. Thus the instruments in question — as drawn — because of a mutual mistake and a lack of appropriate language, fail to express, and consequently, under such cases as Rowley v. Flannelly, 30 N.J. Eq. 612; Hupsch v.Resch, 45 N.J. Eq. 657; affirmed, 46 N.J. Eq. 609; Green v.Stone, 54 N.J. Eq. 387, should be reformed in a manner and form appropriate to do so.
There will be a decree in accordance with the foregoing conclusions. *Page 567