18 N.J. Super. 307 (1952)
87 A.2d 56
DOMINIC P. SERGI AND MARIE M. SERGI, PLAINTIFFS,
v.
HELEN M. CAREW, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 26, 1952.
*309 Mr. Raymond Saltzman, attorney for the plaintiffs.
Mr. Wilfred B. Wolcott, attorney for the defendant.
HANEMAN, J.S.C.
The facts in connection herewith are as follows:
On August 3, 1883, one Charles Ballinger was the owner in fee of a farm located in the Township of Delaware, County of Camden and State of New Jersey, bounded on its easterly side by what was then known as White Horse Road, and on its westerly side by a farm then owned by one Elmer Kay. At that time, the said Elmer Kay had no access to the White Horse Road except over the lands of the said Charles Ballinger.
On August 3, 1883, the said Charles Ballinger and Hannah E. Ballinger, his wife, executed a conveyance to Elmer Kay. The said conveyance reads, in part, as follows:
"* * * have granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed, and by these presents doth grant, *310 bargain, sell, alien, enfeoff, release, convey and confirm, unto the said party of the second part, his heirs and assign, ALL the following described piece of land and premises running through the lands of the said Charles Ballinger for a lane or road which he the said party of the second part Elmer Kay agrees to make and keep in repair all the fence on the north side of the hereinafter described piece or parcel of land on the same forever."
Said conveyance further reads as follows:
"Together with all and singular, the buildings, improvements, woods, ways, rights, liberties, privileges, hereditaments and appurtenances, to the same belonging, or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and the profits thereof, and of every part and parcel thereof; AND ALSO, all the estate, right, title, interest, property, possession, claim and demand whatsoever, both in law and equity, of the said party of the first part, of, in and to the said premises, with the appurtenances: TO HAVE AND TO HOLD the said premises, with all and singular the appurtenances, unto the said party of the second part, his heirs and assigns, to the only proper use, benefit and behoof of the said party of the second part, his heirs and assigns forever. AND the said Charles Ballinger and Hannah E. his wife, for themselves, their heirs, executors and administrators, doth by these presents covenant, grant and agree to and with the said party of the second part, his heirs and assigns, that they, the said Charles Ballinger and wife, their heirs, all and singular the hereditaments and premises, herein above described and granted, or mentioned and intended to be so, with the appurtenances unto the said party of the second part, his heirs and assigns, against them the said Charles Ballinger and wife, their heirs, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof SHALL and WILL * * * WARRANT and forever DEFEND."
By mesne intervening conveyances, the plaintiffs herein eventually became vested with title in fee simple to the farm of Elmer Kay above referred to and whatever estate became vested by the Ballinger to Kay conveyance to the land therein described, and the defendant with title in fee simple to a portion of the lands owned in 1883 by the above referred to Charles Ballinger by conveyance from the devisees of Charles Ballinger.
Shortly after the above referred to conveyance from Ballinger to Kay, the latter constructed a roadway on what *311 he conceived to be the lands described in the 1883 conveyance. The lands described in said conveyance are upwards of 780 feet in length and run as above noted from the lands of Elmer Kay to White Horse Road and are 33 feet in width.
The dispute arises as a result of the attempted location of the northerly line of the lands described in the conveyance from Ballinger to Kay and the southerly line as described in a conveyance from the devisees of Ballinger to Sarah P. Barton and Helen T. Griscom, which latter lands finally became vested in defendant.
The plaintiffs have filed a bill to quiet title and seek an injunction against defendant's trespass upon said lands. By amended answer and pretrial order the defendant (1) has questioned the plaintiffs' title in fee, alleging that the conveyance of August 3, 1883, above referred to served to create an easement of way and was not intended as a conveyance in fee, and (2) seeks a judgment declaring the lane or roadway to have been constructed on lands owned by her.
An express easement cannot be created by parol, but must be created by grant. Veghte v. Raritan Water Power Co., 19 N.J. Eq. 142 (Ch. 1868); Lawrence v. Springer, 49 N.J. Eq. 289 (E. & A. 1892); Crouse v. Sloan, 99 N.J. Eq. 879 (E. & A. 1926).
No set form or particular words are necessary to grant an easement. 17 Am.Jur. 939; 1 Thompson on Real Property 570.
The primary concern in attempting to ascertain whether the conveyances above referred to constituted a conveyance in fee or merely created an easement is to attempt to ascertain the intention of the parties. In order to ascertain that intention, the court must consider the situation as it was at the time of the execution of the conveyance. Blauvelt v. Passaic Water Co., 75 N.J. Eq. 351 (Ch. 1909). It is a primary rule of construction that where the habendum clause creates an estate contradictory or repugnant to that described in the conventional granting clause, the former should be *312 disregarded. However, as stated in The Trenton Potteries Co. v. Blackwell, 137 N.J. Eq. 113 (Ch. 1945):
"In modern times, deeds are customarily prepared with the use of forms on which stereotyped passages have been printed. The natural consequence is the common practice of inserting qualifications, reservations, and restrictions at some convenient and available open space on the stationery. Therefore, I do not hesitate to venture the opinion that the dialectic process that regarded the granting clause, the habendum and tenendum as entirely separate and independent portions of the same instrument, each possessing exclusively its special functions, is no longer pragmatical. See 26 C.J.S., Deeds, pp. 429-432, sections 128, 129; 16 Am. Jur. 570, section 237; Martindale on Conveyancing (2 ed.), section 121; 1 Jones on Real Property, in Conveyancing, section 627. In branches of jurisprudence, experience has caused many technical rules to be supplanted by prescripts more realistic and practicable."
See also State v. Bermann, 134 N.J.L. 607 (E. & A. 1946).
It becomes necessary, therefore, not only to consider the facts and circumstances which existed at the time of the conveyance from Ballinger to Kay, but to examine the instrument in toto in an attempt to ascertain the grantor's intention. In examining the instrument sub judice, it must be remembered that an easement cannot be created by parol and must be created by grant. An examination of the conveyance itself, which was prepared on the conventional printed deed form, discloses that it granted the described lands "for a lane or way." This phraseology is, of itself, sufficient demonstration of an intention to create an easement, and when considered with the clause which immediately follows  "which he, the said party of the second part, Elmer Kay, agrees to make and keep in repair all the fence on the north side of the hereinafter described piece or parcel of land on the same forever"  it would seem to conclusively establish the grantor's intention to grant merely an easement.
The facts disclose that as of the date of the conveyance from Ballinger to Kay, the former owned a farm of some 85 acres which intervened between the White Horse Road and the farm owned by Elmer Kay, of some 120 acres. The only *313 means of access which the said Elmer Kay had to the public highway was over the lands of Ballinger.
As plaintiffs have pointed out in their brief, the lane which Elmer Kay constructed, supposedly upon the lands encompassed in the conveyance from Ballinger to him, is in a direct line from the White Horse Road to Kay's farm house. The entire width of the strip in question was 33 feet and served to divide Ballinger's property into two parcels. It is difficult to conceive what use could be made of the 33-footwide strip in the heart of a farm not owned by Kay, other than for a private way, as a means of access to his lands from the highway.
In Harris v. Johnson, 31 N.J. Eq. 174 (Ch. 1879), the court had before it a somewhat similar conflict between the granting clause and the habendum and held that the deed served merely to create an easement of way.
Therefore, considering both the language of the conveyance and the surrounding circumstances at the date of said conveyance, it is here held that Elmer Kay received merely an easement by the conveyance from Ballinger and did not obtain the fee title.
Defendant's demand for a judgment seeking a declaration of the location of the lane as actually constructed would require an ascertainment not only of the physical location of said lane but would, of necessity, require a determination of the location of defendant's southerly line and, incidentally, the northerly line of the adjoining property. The owner of the adjoining land is, under these circumstances, a necessary party. Since said adjoining owner is not a party to these proceedings, defendant cannot now obtain the adjudication she requests. The counterclaim as well will therefore be dismissed.
Judgment will be entered accordingly.