95 N.J. Super. 448 (1967)
231 A.2d 812
UNION COUNTY INDUSTRIAL PARK, ETC., ET AL., PLAINTIFFS-APPELLANTS,
v.
THE UNION COUNTY PARK COMMISSION, ETC., DEFENDANT-RESPONDENT, AND THE TOWNSHIP OF SPRINGFIELD, A MUNICIPAL CORPORATION OF NEW JERSEY, INTERVENOR.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1966.
Decided June 26, 1967.
*450 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Robert B. Kroner argued the cause for appellants (Messrs. Holley & Kroner, attorneys).
Mr. William R. Gilson argued the cause for respondent (Messrs. Kentz, Kentz & Gilson, attorneys; Mr. Frederick C. Kentz, Jr., of counsel).
*451 Mr. James M. Cawley argued the cause for intervenor, Township of Springfield.
The opinion of the court was delivered by FOLEY, J.A.D.
This is an action for a declaration of the rights of the parties under a 1930 deed from plaintiff's predecessor in title to defendant Union County Park Commission. Plaintiff's predecessor in title owned a large tract of land abutting what is now the east-bound lane of U.S. Highway 22 in Springfield, N.J. By deeds in 1926 and 1930 a portion of this land was conveyed to said defendant, including a narrow neck of land abutting on Highway 22 where the Rahway River intersects that thoroughfare. The 1930 deed contained the following paragraph:
"The Union County Park Commission agrees in connection with the development and improvement of the above first and second tracts of land, to lay out a park drive immediately adjoining other lands of the party of the first part along the boundary line between the Park Commission and party of the first part, and further agrees to make no rules or regulations governing the use of said park drive that will affect the fair and reasonable use and enjoyment for residential purposes, of, egress from or ingress to other remaining lands of the party of the first part, their heirs or assigns, adjoining such park drive, and the grantors reserve for themselves, their heirs and assigns the right to construct in said drive necessary utilities such as gas, telephone, electric light, water and sewer, for the use and enjoyment for residential purposes of the lands and premises adjoining such park drive; said work of installation in every case shall be done to the satisfaction and under such reasonable rules, regulations and supervision as the Union County Park Commission or its successors may impose."
Plaintiff owns a portion of the tract formerly held by the grantor of the 1930 deed. At the time of that conveyance the grantor's land was not zoned. In 1938 the property was zoned residential but in 1952 it was rezoned for industrial use. At the present time it is the site of an industrial park with only one road providing access to Highway 22. At rush hour this access road is subject to traffic congestion.
In 1959 there commenced a series of negotiations among the parties and intervenor Township of Springfield, in which *452 plaintiff and intervenor endeavored to have constructed a portion of the park drive described in the 1930 deed to defendant sufficient to provide additional access to the industrial park from Highway 22. Plaintiff is willing to construct the road at its own expense, guarantee the limitation of its use to noncommercial traffic, use other means for utility access to the industrial park, and forego any rights it may have under the deed to compel construction of the park drive along the remaining 3400 feet of defendant's property line. Defendant has remained steadfast in its refusal to turn over its land for the construction of the road.
To date defendant's land has remained in substantially the same undeveloped state as it was at the time of its conveyance. Defendant's projected plan of park development shows no park drive but does indicate a service road for park employees along the perimeter of defendant's property.
The trial judge, in an oral opinion, held that the paragraph in question must be read and interpreted as a whole. He felt it clear that the grantors were contemplating some form of residential development of their retained property and a perimeter street on park lands would be of benefit to them. He therefore held that the language of the deed makes the obligation of defendant to "lay out" a park drive conditional on the residential use of the grantor's retained property. Since this condition has not been fulfilled judgment was for defendant.
Plaintiff here argues that the trial court found an implied covenant imposing a negative restriction on the grantor's property limiting its use to residential purposes. Cf. William Berland Realty Co. v. Hahne & Co., 26 N.J. Super. 477 (Ch. Div. 1953), affirmed in part, reversed in part 29 N.J. Super. 316 (App. Div. 1954); Mountain Springs Ass'n v. Wilson, 81 N.J. Super. 564 (Ch. Div. 1963). We do not agree.
The prime consideration in determining the meaning of deeds is the intent of the parties. Normanoch Association Inc. v. Baldasanno, 40 N.J. 113, 125 (1963); Baker *453 v. Normanoch Ass'n, Inc., 25 N.J. 407, 417 (1957). In determining the intent of the parties the instrument must be read as an entirety giving effect to all its terms. Camp Clearwater, Inc. v. Plock, 52 N.J. Super. 583, 596 (Ch. Div. 1958), affirmed 59 N.J. Super. 1 (App. Div. 1959); Sergi v. Carew, 18 N.J. Super. 307, 312 (Ch. Div. 1952); United States v. Roebling, 244 F. Supp. 736, 742 (D.C.N.J. 1965). Any ambiguities in a deed are construed against the grantor. Brook Ave. Land Co. v. Cadillac, etc., Co., 101 N.J. Eq. 55, 58 (Ch. 1927); Dunn v. English, 23 N.J.L. 126, 127 (Sup. Ct. 1851); 23 Am. Jur.2d, Deeds, § 273, p. 308 (1965).
A reading of the entire paragraph in question leads to the conclusion that it contains but one covenant  that of defendant to lay out a park drive. However, it is also clear that the obligation to perform this covenant is subject to the condition precedent that the adjoining property, retained by the grantor, be used for residential purposes. This is not a covenant by the grantor, but merely a condition which he or his assigns must fulfill if they desire to obtain the benefit of defendant's covenant. To hold otherwise would render excess verbiage the language by which defendant agrees to make no regulations affecting the use of the drive for residential purposes and allowing grantor to bring in utilities for residential purposes along the drive.
Defendant has broad powers to regulate traffic on its park drives under R.S. 40:37-152. See Barnes v. Essex Co. Park Commission, 86 N.J.L. 141 (E. & A. 1914). These powers existed at the time of the conveyance in question. To hold that the covenant to lay out a park drive exists independent of any residential use of plaintiff's land would not necessarily benefit plaintiff's land since defendant could frustrate plaintiff's attempts to use the park drive through the exercise of these regulatory powers. Defendant was willing to forego some of the regulatory powers if the grantor's land was used for residential purposes. It is clear therefore that the parties to the deed contemplated that both the giving up by the *454 grantee of its regulatory powers and the basic obligation to lay out the park drive were conditioned on the residential use of the grantor's retained land.
Plaintiff also contends that it is entitled to relief under the equitable doctrine of relative hardship. Both of the instances cited in which that doctrine was applied in New Jersey involved buildings substantially completed which would have to be torn down or substantially and expensively modified to grant the relief requested. See Sautto v. Edenboro Apartments, Inc., 84 N.J. Super. 461 (App. Div. 1964) (attempted enforcement of a restrictive covenant); Gilpin v. Jacob Ellis Realties Inc., 47 N.J. Super. 26 (App. Div. 1957) (attempted enforcement of a zoning ordinance). The doctrine does not require a mere balancing of conveniences, and its application will be denied unless there is a showing of a gross disproportion between the harm to plaintiff and benefit to defendant. Gilpin v. Jacob Ellis Realties Inc., supra, at p. 34. Furthermore, the Restatement of Property, § 563 (1944), indicates that the rule is limited to situations in which injunctive relief is sought. That is not the situation here. Also, while plaintiff may suffer some inconvenience because of the traffic problem, defendant has an avowed interest in maintaining a buffer zone between the proposed park and Highway 22. To enforce plaintiff's demand would in effect mean that the defendant Park Commission would be donating part of its property for a purely commercial traffic purpose  an object foreign to its statutory function. The doctrine will not be applied here.
It is also urged that the zoning ordinance of 1952, which provides for industrial use of plaintiff's lands, supersedes any covenant restricting the use of the land to residential purposes. In view of our holding above that there is no such restriction and that the residential use is merely a condition for the laying out of a park drive, the argument is not applicable. Moreover, in the only cases in which the zoning ordinance overcame a private restriction the municipality was the beneficiary of the covenants. See Taylor v. *455 Hackensack, 137 N.J.L. 139 (Sup. Ct. 1948), affirmed 1 N.J. 211 (1948); Hendlin v. Fairmount Construction Co., 8 N.J. Super. 310 (Ch. Div. 1950). This is not the situation here. Cf. Standard Gas Power Corp. v. New Eng. Cas. Co., 90 N.J.L. 570, 573 (E. & A. 1917).
Intervenor also argues that because defendant had notice of a planning board meeting in 1960 at which the application for the industrial park subdivision was approved and the park drive was made a part of the subdivision plot, and also because of defendant's participation in negotiations, defendant is now estopped from raising the conditions of the deed as a defense. While we feel this argument is without merit we note that it was not presented below nor argued here as plain error, as required by R.R. 1:7-1(c). We therefore will not consider it.
Affirmed.